THE STATE, EX REL. WOOD, *v.* CHRISTIANSEN, JUDGE.

[Cite as State, ex rel. Wood, *v.* Christiansen (1984), 14 Ohio St. 3d 27.]

(No. 83-728—Decided November 21, 1984.)

*Mr. Marshall D. Wisniewski,* for relator.

*Mr. Anthony G. Pizza,* prosecuting attorney, *Mr. Mark E. Lupe* and *Mr. Thomas O. Secor,* for respondent.

*Per Curiam.* While R.C. 2941.51 requires payment for services to assigned counsel, division (A) thereof affords discretion to the trial court by limiting such payment to "such compensation and expenses as the trial court may approve." Respondent concedes that his reason for not approving the subject application for fees was that the application was not filed pursuant to Local Rule 17.06 which requires that such application be filed within thirty days of sentencing.

The question is whether the thirty-day time limitation for filing attorney fee applications imposed by Local Rule 17.06 is unreasonable in view of the statutory right (R.C. 2941.51) of assigned counsel to be paid.

Respondent argues that the local rule time limitation of thirty days is reasonable inasmuch as a county's entitlement to reimbursement for a county appointed counsel system, as herein provided by R.C. 120.33(D), requires that such request be "* * * received by the state public defender within ninety days after the end of the calendar month in which the case is finally disposed of by the court * * *." Thus, respondent argues that the county was foreclosed from the reimbursement rights afforded by R.C. 120.33(D).

The circumstances herein demonstrate the unreasonable nature of the thirty-day limitation for filing applications for attorney fees imposed by Local Rule 17.06. In this case, thirty days from sentencing had elapsed prior to the trial court's ruling on relator's motion for new trial. Relator's responsibilities to the defendant had not ended prior to the court's ruling, and it would be unreasonable to foreclose relator from filing an application

for fees, including services rendered subsequent to the thirty-day period; therefore, Local Rule 17.06 is deemed invalid.

Further, the language of R.C. 120.33(D) relates the ninety-day time limit for requests for reimbursement to the time of final disposal of the court case. In this case the ninety-day period did not begin until after December 31, 1982. Thus, the county was not patently foreclosed from seeking reimbursement at the time relator's application for fees was filed on March 9, 1983.

For reason of the foregoing, the writ is allowed and respondent is ordered to approve the fee application submitted by relator, subject to the exercise of his sound discretion as to the reasonableness and appropriateness of such application.

*Writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.