THE STATE, EX REL. MARTIN, APPELLANT, *v.* CORRIGAN, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Martin, *v.* Corrigan (1986), 25 Ohio St. 3d 29.]

(No. 85-1615—Decided July 9, 1986.)

*John H. Carson, Jr.,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Michael Pokorny,* for appellees John E. Corrigan, Timothy McCormack and Francis G. Gaul.

*Per Curiam.* The sole question before this court is whether an attorney appointed by the court to represent an indigent defendant, who performs legal services for that defendant but is later removed by the court from the case, has a clear legal right to attorney fees. For the following reasons we find that appellant has effectively demonstrated his right to a writ of mandamus compelling payment of attorney fees in this case.

R.C. 2941.51, which governs payment of assigned counsel, stated in pertinent part:

"Counsel assigned to a case * * * *shall* be paid for their services by the county, and *shall* receive therefor:

"(A) Subject to division (B) of this section, such compensation and expenses as the trial court *may* approve." (Emphasis added.) (136 Ohio Laws, Part I, 1868, 1892.)

Part II(B) of Loc. R. 33 of the Court of Common Pleas of Cuyahoga County, General Division, is consistent with this statute and provides:

"Such assigned counsel *shall* receive compensation for such professional services * * *. * * * The trial judge, after due consideration of such itemized statement, *shall* determine the *amount* of compensation * * *." (Emphasis added.)

In the recent case of *State, ex rel. Wood,* v. *Christiansen* (1984), 14 Ohio St. 3d 27, this court held a local rule establishing a thirty-day time limitation for filing attorney fee applications unreasonable in light of the "statutory right (R.C. 2941.51) of assigned counsel to be paid." The *Wood* court stated at 28 that:

"While R.C. 2941.51 requires payment for services to assigned counsel, division (A) thereof affords discretion to the trial court by limiting such payment to 'such compensation and expenses as the trial court may approve.'"

The facts in *Wood* are distinguishable from the facts in the instant case as the assigned counsel in *Wood* was not removed by the trial court before completion of the trial. However, the above-quoted language suggests that

counsel assigned to a case has a right to be paid for his work, and that the trial judge's discretion is limited to determining the amount of such payment.

In the instant case appellant has attached to his brief a transcript of the in-chambers meeting that led to his dismissal. While it is perhaps debatable whether appellant's behavior warranted dismissal, it is clear that he put a substantial amount of work into the case before being dismissed. Under R.C. 2941.51 and this court's interpretation of that statute, appellant is entitled to compensation for that work. Accordingly, we find that it was error for the court of appeals to deny appellant's requested writ of mandamus.

We, thus, reverse the decision of the court of appeals and issue a writ of mandamus directing appellees to determine, and pay, an appropriate amount of compensation for the work performed by appellant as appointed defense counsel for an indigent defendant in *State* v. *Anderson, supra.*

*Judgment reversed*
*and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.