THE STATE, EX REL. BAERKIRCHER, *v.* RADCLIFFE, JUDGE.

[Cite as State, ex rel. Baerkircher, *v.* Radcliffe (1987),
31 Ohio St. 3d 14.]

(No. 86-1862—Decided May 27, 1987.)

*Alfred E. Baerkircher, pro se.*
*Richard G. Ward,* prosecuting attorney, for respondent.

*Per Curiam.* An original action seeking a writ of mandamus is an improper avenue to correct a trial court's abuse of discretion in allowing fees and expenses to appointed counsel.

R.C. 2731.03 provides, in pertinent part:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

Relator urges that after the trial court "approved" the fees and expenses listed in the application, the trial judge was under a ministerial duty to order that the funds be paid to relator and that the judge could not reduce the total listed in the application. However, it is implicit that the trial judge did not believe that the total fees and expenses listed were appropriate because he reduced the total amount in each case.

In *State, ex rel. Martin,* v. *Corrigan* (1986), 25 Ohio St. 3d 29, 25 OBR 24, 494 N.E. 2d 1128, this court issued a writ of mandamus directing respondents to determine and pay an appropriate amount of compensation for the work performed by appointed defense counsel for an indigent defendant. However, that case involved an appointed counsel who had worked over one hundred thirteen hours on a case before being dismissed. The trial court had refused to pay that counsel for any of the work performed before dismissal. This court at 30-31, 25 OBR at 25, 494 N.E. 2d at 1129, noted that:

" 'While R.C. 2941.51 requires payment for services to assigned counsel, division (A) thereof affords discretion to the trial court by limiting such payment to "such compensation and expenses as the trial court may approve." '

" '* * * the above-quoted language suggests that counsel assigned to a case has a right to be paid for his work, and that the trial judge's discretion is limited to determining the amount of such payment."

*State, ex rel. Wood,* v. *Christiansen* (1984), 14 Ohio St. 3d 27, 14 OBR 329, 470 N.E. 2d 895, does not require a different result. In that case, this court allowed a writ of mandamus ordering the respondent to approve the fee application submitted by relator. However, at issue in that case was whether a thirty-day time limitation for filing an attorney-fees application imposed by a local rule was unreasonable in view of the statutory right of assigned counsel to be paid. Our decision recognized that the thirty-day rule was, in fact, unreasonable and therefore ordered that the fee application be approved. However, we noted that the approval would be subject to the exercise of the trial court's sound discretion as to the reasonableness and appropriateness of such application. Thus, this case does not support relator's position that a trial court must allow the amount of fees and expenses submitted by an appointed counsel.

Mandamus is an inappropriate remedy to order a trial court to exer-

cise its discretion, pursuant to R.C. 2731.03. The allowance or award of attorney fees and expenses is a matter within the sound discretion of the trial court and therefore relator is not entitled to a writ of mandamus in the instant case.

Accordingly, respondent's motion to dismiss is granted and this cause is dismissed.

*Cause dismissed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.