THE STATE, EX REL. BALLARD, APPELLANT, *v.* O'DONNELL, JUDGE, APPELLEE.

[Cite as State, ex rel. Ballard, *v.* O'Donnell (1990), 50 Ohio St. 3d 182.]

(No. 89-575—Submitted November 14, 1989—Decided April 18, 1990.)

*Goodman, Weiss, Freedman* and *Thomas J. Hildebrandt,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Michael Pokorny,* for appellee.

MOYER, C.J. The question presented for our consideration is whether a writ of mandamus may issue compelling a judge to vacate a judgment and prejudicial findings made against a person who did not appear and was not a party in the proceedings in which the judgment and prejudicial findings were made.

In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondent is under a clear legal duty to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Natl. City Bank,* v. *Bd. of Edn.* (1977), 52 Ohio St. 2d 81, 84, 6 O.O. 3d 288, 290, 369 N.E. 2d 1200, 1202; *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631.

We first must determine whether relator has a legal right to the relief prayed for and whether respondent has a legal duty to grant the request.

R.C. 2731.03 provides: "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion." See, also, *State, ex rel. Luckhaupt,* v. *McClelland* (1949), 151 Ohio St. 17, 38 O.O. 483, 84 N.E. 2d 275.

It is well-established that the rule that mandamus will not lie to control the judicial discretion of an inferior court does not apply to an attempt of that court to exercise its discretion beyond its jurisdiction. *In re Winn* (1909), 213 U.S. 458, 467-468.

Due process requires, at a minimum, that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case. *Armstrong* v. *Manzo* (1965), 380 U.S. 545, 550. The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardship of a criminal conviction, is a principle basic to our society. Where a person's good name, reputation, honor or integrity is at stake, he is entitled to notice and an opportunity to be heard before judgment can be rendered against him. Only when the whole proceedings leading to the pinning of an unsavory label on him are aired can oppressive results be avoided. *Wisconsin* v. *Constantineau* (1971), 400 U.S. 433, 437.

"It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Lincoln Tavern, Inc.* v. *Snader* (1956), 165 Ohio St. 61, 64, 59 O.O. 74, 75-76, 133 N.E. 2d 606, 610. It is thus

well-settled that a decision rendered by a court without jurisdiction is unauthorized by law and amounts to usurpation of judicial power. *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41, 52, 75 O.O. 2d 132, 138, 346 N.E. 2d 141, 148.

The record shows that relator was not a party in the trial court proceedings, was not served summons, and did not appear before the court. The court was thus without jurisdiction to render judgment against him. If the act sought to be compelled — the vacation of judgment where there was no jurisdiction over the person — falls within judicial discretion, it is difficult to conceive of any act that would not. See *State, ex rel. Tod,* v. *Fairfield Cty. Ct. of Common Pleas* (1864), 15 Ohio St. 377, 381. We thus hold that a trial court is without jurisdiction to render a judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings. A person against whom such judgment and findings are made is entitled to have the judgment vacated.

We next must look at the issue of whether relator has an adequate remedy at law precluding the grant of a writ of mandamus.

Mandamus will lie where it is apparent from the record that the inferior court had no jurisdiction, and the writ will lie even though the party aggrieved may also be entitled to appeal. *In re Winn, supra,* at 466. The rule that mandamus will not lie does not apply to an attempt by a court to exercise its discretion on subject matter not within its jurisdiction. *Id.* at 467-468.

In *Municipal Court of Toledo* v. *State, ex rel. Platter* (1933), 126 Ohio 103, 184 N.E. 1, at paragraph five of the syllabus, we held that where a court has made an unlawful order exceeding its authority, mandamus is the proper remedy by which to compel such court to set aside and vacate such order. This decision is in accord with the decision of the United States Supreme Court in *Ex parte United States* (1916), 242 U.S. 27. See, also, *Ex parte Bradley* (1863), 74 U.S. (7 Wall.) 364, at 377. Consistent with these decisions, we hold that if an inferior court is without jurisdiction to render a judgment, mandamus will lie to compel the court to vacate its judgment and findings. See *State, ex rel. Tollis,* v. *Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St. 3d 145, 148, 532 N.E. 2d 727, 729. See, also, *Peralta* v. *Heights Medical Center, Inc.* (1988), 485 U.S. 80, 86-87.

Accordingly, the writ of mandamus is allowed ordering respondent to vacate the judgment and prejudicial findings against relator-appellant.

*Judgment reversed and writ allowed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

RESNICK, J., dissents.

ALICE ROBIE RESNICK, J., dissenting. The majority opinion, in effect, directly controls the discretionary act of the trial judge. This is impermissible pursuant to R.C. 2731.03. I strongly disagree with the majority when it causes a discretionary decision of the trial judge to be set aside and orders the trial court to enter the judgment which the majority thinks should have been entered.

In this case relator filed a motion for relief from judgment on August 25, 1988. However, the record before us is sparse and confusing. If this motion was not ruled upon by the trial court,

then I would agree that mandamus would be appropriate to require the trial court to act. Mandamus, however, cannot be used to obtain the reversal of an adverse ruling where the actual decision as to whether relief should be granted or denied has already been made by the trial judge. Since that decision was a discretionary act of the trial court, mandamus will not lie. *State, ex rel. Baerkircher,* v. *Radcliffe* (1987), 31 Ohio St. 3d 14, 31 OBR 12, 508 N.E. 2d 150; *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 8 O.O. 3d 393, 377 N.E. 2d 494.

It is well-settled that mandamus will not issue to compel a court to rule in a certain way. A writ of mandamus may issue to compel the exercise of judicial discretion but not to control it. From the record it would appear that respondent did in fact rule upon relator's motion for relief from judgment on November 3, 1988 when said motion was denied. Hence, relator had an adequate remedy at law by way of appeal. It is difficult to discern from the record before us whether relator did in fact exercise his right to appeal. It is clear that another party similarly situated to relator did in fact appeal the adverse ruling on that party's motion for relief from judgment.

Based upon the foregoing I would follow the opinion of the appellate court and deny the writ as an attempt to control the exercise of judicial discretion.