### Curp v. Curp
*[Cite as 5 AOA 50]*

*Case No. 12059, 12136*
*Montgomery County, (2nd)*
*Decided July 31, 1990*

*Charles J. Faruki, and Rodney J. Hinders, 600 Courthouse Plaza, S.W., 10 North Ludlow Street, Dayton, Ohio 45402, Attorneys for Defendant-Appellant.*

GRADY, J.

In this appeal we are asked to determine whether a domestic relations court may proceed to judgment upon charges and contempt against a party who was served with notice of the charges but has not been served with summons. We find that, absent other facts showing that the respondent has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of jurisdictional defenses, the trial court lacks personal jurisdiction over the respondent and may not proceed to judgment.

### I
### *Factual Posture*

The marriage of the parties was terminated by Decree of Dissolution filed May 3, 1979. A dispute arose thereafter concerning child support, and by agreed Order filed May 19, 1989, John H. Curp was ordered to pay an arrearage of $1,000 within one hundred and twenty days after the date of the Order.

On September 22, 1989, Barbara M. Curp filed her Motion alleging that Appellant was in contempt of the court's prior order and was in arrears in more than $600. She requested a finding of contempt and order to pay the arrearage and an order requiring Appellant to pay her attorney's fees in the approximate amount of $250 and court costs. Notice was given that the Motion would be heard before a Referee of the Domestic Relations Division of the Court of Common Pleas on November 8, 1989.

The instructions for service filed by counsel for Barbara Curp requested that the Motion and a Notice thereof be served personally upon John J. Curp. No request was made for service of summons.

Prior to hearing before the Referee, John H. Curp filed a document alleging that the court lacked personal jurisdiction for failure of service. As grounds, John H. Curp alleged that no summons was requested or served along with the Motion and Notice. Over his objection that under Local Rules of Court his motion must be decided by a judge, the Referee at hearing proceeded to deny his objection and take evidence concerning the charges in contempt.

On January 5, 1990, the Referee recommended that Appellant be found in contempt of court for not paying the full $1,000 owed within the time provided in the court's earlier order and also recommended that he pay to Barbara M. Curp the sum of $200 as attorney's fees and an additional $20 in court costs.

Appellant John H. Curp objected to the findings and recommendations of the Referee. On January 3, 1990, the court overruled the objections, but effectively modified the recommendation by ordering that the costs be paid by the parties equally.

John H. Curp has filed a timely notice of appeal from the final orders of the trial court. He presents five assignments of error, which are considered below. Appellee, Barbara M. Curp, has not filed a brief in the case.

It appears uncontested from the record that the full amount of the arrearage owed by John H. Curp has now been paid. The remaining issues, therefore, concern the finding of contempt and the court's further orders concerning payments of attorney's fees and costs.

### II
### *Jurisdiction*

Appellant has presented four assignments of error, the first three of which concern the same issue; whether the trial court erred in failing to grant John H. Curp's motion to quash or dismiss the charges in contempt for lack of personal jurisdiction and thereafter erred further in proceeding to judgment because the court lacked the jurisdiction complained of.

The motion in contempt arose from the original Decree of Dissolution and invoked the continuing jurisdiction of the court to enforce that decree. Civ. R. 75(I) provides:

"The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6. When the continuing jurisdiction of the court is invoked pursuant to this subdivision, the discovery procedures set forth in Rule 26 through Rule 37 shall apply."

In turn, Civ. R. 4 provides:

"Process: summons

"(A) Summons: issuance.

"Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption: Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant.

"(B) Summons: form; copy of complaint The summons shall be signed by the clerk, contain the name and address of the court and the names and addresses of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the times within which these rules or any statutory provision require the defendant to appear and defend, and shall notify him that in case of his failure to do so, judgment by default will be rendered against him for the relief demanded in the complaint. Where there are multiple plaintiffs or multiple defendants, or both, the summons may contain, in lieu of the names and addresses of all parties, the name of the first party on each side and the name and address of the party to be served.

"A copy of the complaint shall be attached to each summons. The plaintiff shall furnish the clerk with sufficient copies."

Civ. R. 4(A) imposes upon the clerk the obligation to prepare and issue a summons upon each defendant listed in the caption of the complaint. John H. Curp was listed by name and address in the caption of the Motion for Contempt filed by Barbara M. Curp and the clerk was obligated to prepare and issue summons accordingly. Failure to do so cannot be attributed to the party requesting service. However, the clerk's failure may affect the court's jurisdiction.

The requirements of Civil Rules 75(I) and 4 are mandatory. Failure to serve a party against whom a motion is made with summons as required by those rules constitutes a failure to perfect personal jurisdiction over that party. *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St. 3d 182. For a judgment to be thereafter rendered against the party, there must be a showing that he has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense. *Maryhew v. Yova* (1984), 11 Ohio St. 3d 154.

The motion to quash filed by John H. Curp was not a pleading responsive to the issues raised in the motion for contempt but was, instead, properly a motion to dismiss for lack of jurisdiction over the person as contemplated by Civ. R. 12(B)(2). The trial court was required to consider the motion and dismiss it before John H. Curp could be required to file a responsive pleading setting forth his defenses to the merits of the motion. The trial court failed to do so, and any acts of John H. Curp thereafter to defend against that motion cannot be held to constitute a voluntary submission to the court's jurisdiction or a waiver of the jurisdictional defense.

Because the trial court lacked personal jurisdiction over Appellant, it was not authorized to proceed to hear and determine the merits of the motion of Appellee. The judgment against Appellant rendered thereafter is, therefore, a nullity and void. *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61.

Appellant's assignments of error one, two and three will be sustained.

### III
### *Attorney Fees*

Appellant's third assignment of error argues that the record was inadequate to support a judgment for attorney fees. At oral argument Appellant waived that argument should we find in his favor on the first three assignments. The assignment is overruled.

### IV
### *Conclusion*

For the reasons aforesaid, we find Appellant's assignments of error one, two and three to be well made and the judgment of the trial court will be vacated.

WOLFF, P.J., and BROGAN, J., concur