DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Maureen A. Berthelot appeals the judgment of the Summit County Domestic Relations Court. We affirm in part, reverse in part, and remand.
Maureen and appellee, Michael J. Berthelot, were married February 14, 1976. Five children were born as issue of this marriage. In 1996, the court granted the parties a divorce. In its order, the court divided the property and awarded Maureen spousal support. Maureen appeals the judgment raising seven assignments of error, the second having four subparts and the third having five. We have rearranged the order for ease of discussion.
 II. A. The Trial Court abused its discretion in dividing the parties' property * * * [i]n not properly considering the factors of O.R.C. Section 3105.17.1 (F) in order to determine an equitable division of property[.]
In distributing the marital property, the court determined the value should be divided equally. The court awarded each party property having a total value of $636,751. Maureen contends the court abused its discretion in making this award because it neglected to consider all the factors cited in R.C. 3105.17.1(F). She fails, however, to clearly indicate which factors the court neglected to consider. She mentions duration of the marriage and earning abilities of the parties as factors it should have considered. However, the court was obviously aware of the duration of the marriage, having specifically found that it began on February 14, 1976, and ended on January 8, 1996. The earning abilities of the parties is not a factor the court was required to consider under R.C. 3105.17.1(F).
Maureen also argues the court failed to consider Michael's financial misconduct, as allowed by R.C. 3105.17.1(E)(3). She has not, however, assigned this as error on appeal and for this reason, we will not consider the argument here. Because Maureen has not indicated how the lower court failed to properly consider the R.C. 3105.17.1(F) factors, we cannot find that it failed to do so.
 B. The Trial Court abused its discretion in dividing the parties' property * * * [i]n failing to properly determine the value of a significant marital asset[.]
A significant portion of the nine-hundred-page transcript in this case was dedicated to the testimony of four individuals concerning the marital interest in Trans Technology Corporation ("TTC"), a company for which Michael acted as President and Chief Executive Officer. Michael owned a significant number of shares of TTC stock and had borrowed money from his business partner, Dominic Visconsi, to purchase it. Because Michael and Visconsi conducted business on the basis of a "handshake" rather than by written agreement, there was some question at trial as to what, exactly, their arrangement had been concerning the purchase of this stock.
As indicated, four individuals testified concerning the details of the TTC stock arrangement. Maureen presented two expert witnesses and Michael presented his own testimony and that of Visconsi. Although the testimony was lengthy and complex, in general, the testimony of Michael and Visconsi suggested that Michael owed Visconsi over $2.4 million on the stock, while the testimony of Maureen's experts suggested he owed significantly less. Having heard all relevant testimony on the subject, the lower court accepted the testimony of Michael's witnesses and determined that, in light of the $2.4 million debt, the marital value of the stock was zero.
A trial court has broad discretion in determining the value of marital property. Donovan v. Donovan (1996), 110 Ohio App.3d 615,621. An abuse of discretion involves more than a mere error of law or judgment. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. A lower court may only be said to have abused its discretion when its judgment reflects an attitude that is unreasonable, arbitrary or unconscionable. Id. Absent such an abuse of discretion, a reviewing court must not substitute its judgment for that of the trial court. Id.
Maureen argues that because the TTC stock represented a significant marital asset in this case, the lower court abused its discretion by failing to submit the issue of valuation to a knowledgeable, disinterested party to act as a special master. She cites Mochko v. Mochko (1990), 63 Ohio App.3d 671, and Fockev. Focke (1992), 83 Ohio App.3d 552, in support of her proposition. We find those cases distinguishable, however. In both Mochko and Focke, there was no expert testimony whatsoever concerning the value of the significant assets in question. Here, there was testimony from four knowledgeable individuals, two of whom were experts selected by Maureen. We cannot conclude a court necessarily errs by failing to appoint an expert of its own where, as here, the court heard and considered the testimony of experts presented by the complaining party.
In addition, Maureen argues the lower court abused its discretion by accepting the valuation testimony of Michael and Visconsi over Maureen's independent experts. Although Michael and Visconsi were never characterized as experts, their credentials and expertise evidenced their qualifications to testify on the subject. And, although Michael and Visconsi could not be considered wholly disinterested parties to the proceeding, their personal interest was merely a factor to be weighed by the lower court in considering the credibility of their testimony.
Whether a witness is interested or disinterested and whether or not he is characterized as an expert, it is still well within a lower court's discretion to determine the credibility of the testimony. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,81. A lower court's determination of witness credibility cannot be reversed on appeal even if the reviewing court holds a contrary opinion. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Id.
In this case, there was substantial testimony presented by both parties concerning the value of the TTC stock. Considering all such testimony, the court explicitly found the testimony of Visconsi to be "highly credible." We can find no abuse of discretion in that determination. Choosing to believe Visconsi's testimony, the lower court found the money owed on the TTC stock was in excess of $2.4 million. We find Visconsi's testimony constitutes competent, credible evidence to support that conclusion, see id. at 80, and we discern no error here.
 D. The Trial Court abused its discretion in dividing the parties' property * * * [b]y failing to consider the income potential of the Appellee's interest in T.T.C. when awarding all of such interest to Appellee.
Maureen also argues the court erred in failing to consider the future profit potential of TTC when it awarded full interest in the corporation to Michael. She emphasizes the stock value increased significantly in 1994 and argues she should be entitled to participate in any future increase. A more detailed look at the record, however, gives a clearer picture of the stock's overall performance. Testimony indicated that the stock had "bombed" in late 1990 at four and seven-eighths per share. It then "hit a high" in April 1994 at eighteen and one-eighth per share, but again "plummeted" in May 1994, continuing on "a general downward trend" until mid-1995. The stock peaked a second time in the fall of 1995 at fifteen dollars per share, but ended that year at approximately thirteen and one-eighth.
In fashioning a property division, a trial court must have the discretion to do what it considers equitable under the circumstances of the individual case. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. A reviewing court must be guided by a presumption that the lower court's findings are indeed correct.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138. That being our presumption, we will not reverse the lower court's division of property absent an abuse of discretion. Cherry, supra.
In the current case, it is true the value of the TTC stock may increase substantially in the future, allowing Michael to pay off his debts and experience a profit beside. However, it is also possible that Michael will experience a significant loss in this endeavor. As with most business ventures, the opportunity for great profit is accompanied by the risk of substantial loss. By awarding the TTC stock to Michael, the lower court denied Maureen the enjoyment of any potential future profits, but also insulated her from the risk of any future loss. We can find no abuse of discretion in this method of division.
 C. The Trial Court abused its discretion in dividing the parties' property * * * [i]n failing to consider the effect of a balloon payment as to the value of the marital residence.
In the property division, Maureen was awarded the marital residence. The court obligated her to make all future mortgage payments thereon. According to the mortgage agreement, as structured at the time of trial, a balloon payment would become due in the year 2004. Maureen argues the court failed to consider the effect of this balloon payment in valuing the marital residence. We disagree. First, the court was clearly aware of this payment and specifically made note of it in its findings of fact. Second, Maureen has not suggested how the court should have otherwise dealt with this payment. Most importantly, in assigning a value to the residence, the court used the fair market value stipulated to by the parties. We therefore cannot conclude the court abused its discretion here. Maureen's second assignment of error is overruled.
 III. The Trial Court's award of spousal support to the Appellant constituted an abuse of discretion in the following respects: A. In failing to determine if an indefinite award was necessitated pursuant to the Ohio Supreme Curt (sic) decision of Kunkle v. Kunkle, Supra (sic)[;]
 B. In failing to reasonably relate such award to the standard of living enjoyed by the parties during the marriage[;]
 C. In failing to reasonably relate such award to the Appellant's reasonable monthly expenses[;]
 D. In failing to properly consider the Appellee's ability to pay an adequate spousal support award[.]
R.C. 3105.18(C)(1) sets forth the factors a court must consider in determining whether an award of spousal support is appropriate and reasonable in a given case. Among the factors to consider are the relative education and earning abilities of the parties, the duration of the marriage, the standard of living established during the marriage, and the lost income production capacity of either spouse resulting from that party's marital responsibilities. In addition, in Kunkle v. Kunkle (1990),51 Ohio St.3d 64, syllabus, the Ohio Supreme Court held that spousal support awards, as a general rule, should terminate upon a date certain in order to place a definitive limit on the parties' rights and responsibilities. However, potential exceptions to this rule include cases involving a marriage of long duration or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home. Id.
In the current case, the Berthelot marriage endured for twenty years. The court found the family had experienced "the highest quality standard of living" during the marriage. Michael, who was forty-five years old at the time of trial, possessed a Bachelor of Science degree, a Master's in Business Administration, and had obtained his Certified Public Accountant status in 1979. At the time of trial, he was acting President and CEO of Trans Technology Corporation, earning a gross annual income of $536,857. Maureen was forty years old and had only a high school education. The court found that by mutual agreement of the parties, Maureen had not been employed outside the home since her first pregnancy in 1976. She had no income other than what Michael provided her. She reported monthly expenses in excess of $26,000 for her and the four remaining children in her custody. The court made no finding as to the reasonableness of these expenses.
In its order, the court determined that Michael should pay Maureen spousal support in an amount of $6000 per month. This support order was to terminate after forty-seven months. Although a reviewing court will not overturn a spousal support award unless the lower court abuses its discretion, Chaudhry v. Chaudhry (Apr. 8, 1992), Summit App. No. 15252, unreported, we believe the support award in this case constitutes just such an abuse.
This case involves a marriage of long duration. The court found Michael to be highly educated and earning an annual income in excess of one-half million dollars. The court found the family had experienced "the highest quality standard of living" during the marriage. Despite these facts and despite Maureen's complete lack of income and slight earning potential, largely if not entirely due to her marital responsibilities, the court awarded her spousal support in an amount equivalent of $72,000 per year for a duration of less than four years. We cannot determine from the lower court's findings that it properly considered R.C.3105.18 or Kunkle in fashioning this award. For this reason, we find the award constitutes an abuse of discretion and we reverse and remand the issue for further consideration.
 E. The Trial Court's award of spousal support to the Appellant constituted an abuse of discretion in * * * failing to reserve its continuing jurisdiction over such award.
Once there is a court ordered decree for spousal support in a given case, R.C. 3105.18(E)(1) allows a court to later modify the amount or terms of that award only if the original decree contains a provision specifically authorizing it to do so. In this case, the lower court's order contained no such language. Maureen argues this was an abuse of discretion. Because we have already reversed and remanded the spousal support award, however, we can no longer determine this issue and we dismiss the argument as moot. To the extent discussed above, Maureen's third assignment of error is well taken.
 IV. The trial court abused its discretion in failing to award the Appellant any reasonable attorney's fees where the Appellee had the ability to pay such fees and the Appellant is unable to adequately protect her interests without such an award.
R.C. 3105.18(H) provides that in any divorce proceeding, a court may require one party to pay the other's reasonable attorney's fees if the paying party has the means with which to do so. In making this determination, the statute requires the court to consider "whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." The lower court has broad discretion on this matter and it's decision will not be overturned absent a clear showing of abuse or prejudice. Birath v. Birath (1988), 53 Ohio App.3d 31,39.
Maureen states that, prior to filing this appeal, she incurred $109,018.49 in attorney's fees. The lower court did not determine the reasonableness of these fees, but simply stated that no attorney's fees would be awarded to either party. Maureen argues this was an abuse of discretion.
In determining whether an award of attorney's fees is appropriate, a court must consider both the payor's ability to pay and the payee's need. Titus v. Titus (Apr. 12, 1995), Lorain App. No. 94CA005971, unreported. While it may be that Michael has the ability to pay in this instance, Maureen, who received substantial assets in the property division, has failed to demonstrate her inability to fully litigate her rights or adequately protect her interests. See Towne v. Towne (Nov. 27, 1996), Summit App. No. 17772, unreported. Because we can find no clear showing of abuse or prejudice in the failure to make this award, we will not substitute our judgment for that of the lower court. Maureen's fourth assignment of error is not well taken.
 VI. The failure of the Trial Court to determine the length of the spousal support award and the decision whether to award reasonable attorney's fees to the Appellant pursuant to statutorily established factors constituted a violation of the Appellant's federal Constitutional procedural and substantive Due Process rights as well as in (sic) violation of Article I, Section 16 of the Ohio Constitution.
Under this error, Maureen attempts to argue the lower court violated her due process rights by failing to properly abide by statutory mandates in designing the spousal support award and in refusing to award Maureen reasonable attorney's fees. We have already remanded the issue of spousal support so this portion of her sixth assignment is dismissed as moot.
We have also previously determined that the court did not abuse its discretion in failing to award Maureen attorney's fees. Based on the language of the statute, we found no abuse or prejudice. While Maureen argues here that she "was denied a meaningful opportunity to be heard as to her claims for * * * reasonable attorney's fees," she has given no indication as to how the court denied her this opportunity. The transcript clearly evidences the fact that Maureen's attorney took the stand and testified concerning the amount and basis for the fees owed him. We find no reason to conclude the court violated Maureen's constitutional due process rights by refusing to award her attorney's fees. This portion of Maureen's sixth assignment of error is not well taken.
 I. The Trial Court erred by failing to include in its divorce decree the basis or rationale concerning the division of the parties' property, the spousal support award, and the failure to award the Appellant any reasonable attorney's fees.
Once again, because we have reversed and remanded the spousal support award, we find Maureen's argument here relative to that award moot. We also cannot conclude the court erred in failing to specify the basis for refusing to award Maureen attorney's fees. R.C. 3105.18(H), which authorizes the court to make such an award, does not require the court to specify the basis for its decision. Although we can conceive of situations where such an explanation would be necessary, we are again limited by our standard of review and guided by a presumption that the lower court's decision was correct. White v. White (Feb. 18, 1998), Summit App. No. 18275, unreported.
As indicated, the relevant statute here required the court to consider Maureen's ability to fully litigate her rights and adequately protect her interests before having the authority to award her attorney's fees. After making the property division in this case, the lower court reasonably could have concluded that each party had the ability to pay their own attorney's fees. In the absence of a requirement to provide a factual basis for this decision and in light of evidence that Maureen was not unable to adequately protect her interests, we find no error in the court's failure to further specify its reasons for refusing to make this award.
Maureen also argues the court erred by failing to provide a sufficient factual basis for its property division. Unlike the statutes addressing spousal support and attorney's fees, the statute concerning property division does require the court to provide "written findings of fact that support the determination that the marital property has been equitably divided." R.C. 3105.17.1(G). Although Maureen argues the court failed to adequately support the equity of its division, she has not suggested in what way the ordered division was inequitable.
R.C. 3105.17.1(B) provides that a court shall divide the marital property equitably between the parties. The statute further states the division "shall be equal" unless an equal division would be inequitable under the circumstances. R.C. 3105.17.1(C)(1). In this case, the court specifically found "that an equal division of marital property and marital debt is appropriate." It dedicated six pages of its order to an outline of the parties' thirty-seven major assets. It assigned a value to each item. It then divided the property in such a way that each party received exactly half the total value. Again, Maureen has not argued how this equal division constituted an abuse of discretion.
R.C. 3105.17.1(C)(1) also provides that in making a property division, a court is required to consider "all relevant factors, including those set forth in division (F) of this section." In the case at bar, the lower court stated that it had considered all relevant factors listed under R.C. 3105.17.1(F). It appears the most relevant ones were, in fact, addressed in the lower court's order. Again, as with Maureen's second assignment of error, she has not indicated which factors she believes the court failed to consider or why.
It is clear to this court that the basis for the lower court's property division was its conclusion, pursuant to R.C. 3105.17.1(C)(1), that an equal division would be equitable. It is also clear exactly how the court arrived at this equal division. Maureen gives us no reason to conclude the court failed to consider the factors under R.C. 3105.17.1(F). The findings the court provided, then, constitute a sufficient factual basis to support the ordered property division. We find no abuse of discretion here. Maureen's first assignment of error is not well taken.
 VII. The Trial Court erred in denying the Appellant's Motion for a New Trial and by failing to file sufficient findings of fact in support of its decision and in failing order (sic) an equitable division of the parties' property and spousal support award as well as the failure to award her reasonable attorney's fees.
Under this error, Maureen complains that the lower court should have granted her motion for a new trial based on all the same arguments we have previously addressed. Given that we have affirmed the court's decision in all respects except spousal support, it clearly was not error for the lower court to refuse Maureen a new trial on those bases. Having reversed and remanded the issue of spousal support, this argument is now moot. Maureen's seventh assignment of error is not well taken.
 V. The Trial Court was without personal jurisdiction to add the Appellee as a co-trustee of the trust funds for the children's education.
Testimony at trial indicated that the Berthelots maintained a trust fund for the purpose of financially providing for the education of their children. Maureen was trustee of this fund. In its order, the court determined the fund should be retained for the benefit of the children, but determined both Michael and Maureen should serve as co-trustees. Maureen argues the court was without personal jurisdiction to make this order, as the trust was not a party to the proceeding. She cites only State, ex rel.Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, as authority for her position. That case, however, deals with personal jurisdiction over an individual, not a trust, and therefore offers little guidance under the circumstances presented here.
In the case at bar, the trustee of the children's trust was Maureen. Maureen was present and represented by counsel at trial. Michael testified that he would like to see the trust continued for the children, albeit with a different trustee. Maureen offered no objection to this testimony. In its order, the court continued the trust on behalf of the children with the one modification that Michael and Maureen would share co-trustee responsibility. Under the circumstances, we cannot conclude the court was without personal jurisdiction to make this order. Maureen's fifth assignment of error is not well taken.
Judgment affirmed in part, reversed in part,and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ DANIEL B. QUILLIN
FOR THE COURT
SLABY, P. J.
CONCURS