DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Darnell Hardison appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, granting permanent custody of his minor child, Windell, to the Summit County Children Services Board ("C.S.B."). We reverse.
 I.
This case evolved from C.S.B.'s involvement with Ms. Monica Bennett, and her five minor children.[1] C.S.B. became involved with Ms. Bennett, and her five children, on numerous occasions, some of which included C.S.B. taking emergency temporary custody of the children. On January 30, 1997, Windell was placed in the temporary custody of C.S.B. upon a finding that he was a dependent child. Appellant was served with notice regarding the temporary placement of Windell in C.S.B.'s custody on February 11, 1997, at the Mansfield Correctional Institution. However, at that time, Appellant was confined in the Oakwood Correctional Institution in Lima, Ohio. On February 13, 1997, Appellant notified the trial court of his present address, and requested appointment of counsel. The trial court granted Appellant's motion and appointed an attorney to represent him. However, the trial court's journal entry appointing counsel incorrectly stated that Appellant was confined in Mansfield Correctional Institution, and a copy of that entry was sent to the Mansfield prison address.
On March 26, 1997, C.S.B. implemented an amended case plan setting forth the case objectives for Appellant. The plan required that: (1) Windell's physical, medical, emotional, social and educational needs be met on a consistent basis; (2) he will be provided with food, clothing, and shelter, and his medical needs tended to in a timely fashion; and (3) C.S.B. would continue to monitor Windell's situation. The case plan further required Appellant to comply with the following: (1) adhere to the rules and regulations of the Oakwood Correctional Institution; (2) become a law abiding citizen upon his release; and (3) contact C.S.B. upon his release to establish his objectives of the case plan.
On April 29, 1997, a dispositional hearing was conducted before the magistrate pertaining to the status of Windell as dependent. Appellant was not present at the hearing due to his incarceration, but he was represented by counsel. At the conclusion of the hearing, the magistrate found Windell to be a dependent child, and ordered that he be placed in the temporary custody of C.S.B. On October 29, 1997, the magistrate conducted a review hearing and determined that it was in Windell's best interest to remain in the temporary custody of C.S.B. Neither Appellant, nor his attorney, was present at this hearing, and the record is unclear as to whether either received notice of the hearing. On December 1, 1997, C.S.B. moved for permanent custody of Windell. Appellant received personal notice of this pending action on January 9, 1998.
Prior to trial, on February 19, 1998, Appellant and the four other alleged fathers all requested appointment of counsel, and moved for genetic testing in order to establish paternity of the children. A six-month extension of C.S.B.'s temporary custody was granted in order to conduct the genetic testing, to permit the fathers an opportunity to fulfill their case plans, and to allow the trial court to explore possible relative placements for the children. On February 23, 1998, the magistrate ordered that Appellant be appointed new counsel due to his attorney's failure to appear at the pretrial hearing and at the permanent custody trial. However, new counsel was not appointed for Appellant until August 31, 1998.
A status review was held on May 19, 1998, but Appellant did not receive notice of the review hearing and did not attend. Nor was Appellant represented by counsel, since new counsel had not yet been appointed. On August 4, 1998, it was determined from the genetic test results that Appellant was the biological father of Windell. However, Appellant was not informed of the results of this test until September 1998. On August 18, 1998, an amended case plan was adopted by the court which required Appellant to: (1) provide emotional and financial support for Windell; (2) establish paternity, pay child support, and maintain consistent contact with Windell; (3) maintain contact with C.S.B.; (4) maintain safe, stable, and independent housing; (5) maintain housing with working utilities and adequate furnishings for he and Windell; (6) demonstrate appropriate parenting skills; and (7) attend and successfully complete parenting class, and implement the skills learned. The expected date of completion of these objectives, as set forth in the case plan, was March 11, 1999.
On August 31, 1998, C.S.B. moved the trial court for permanent custody of Windell. The trial court also appointed counsel to represent Appellant on this date. On September 14, 1998, Appellant moved for permanent custody of Windell. Appellant then moved for a second extension of temporary custody by C.S.B. on September 25, 1998, for a period of six months. Appellant requested this continuance in order to have the opportunity to fulfill the objectives of his case plan. The matter proceeded to trial on September 28, 1998.
The trial court entered its judgment on October 8, 1998. The trial court denied Appellant's motions for permanent custody and for a six-month extension of C.S.B.'s temporary custody. The court concluded that Appellant was either unwilling or unable to provide care for Windell by reason of abandonment, non-involvement, or continued imprisonment. The court further found that Appellant was "too late" in expressing his interest in obtaining custody of Windell. The court then found by clear and convincing evidence that Windell should not, or could not, be placed with Appellant within a reasonable period of time, and that it was in Windell's best interest to be placed in the permanent custody of C.S.B. Appellant has timely appealed to this Court.
 II.
First Assignment of Error
 The trial court abused its discretion in denying Appellant-Father's motion for a second six-month extension of temporary custody to Summit County Children Services Board.
Appellant first contends that the trial court erred by denying his motion to continue C.S.B.'s temporary custody of Windell, thereby denying him an opportunity to comply with the objectives of his case plan. We agree.
A parent's right to raise a natural child is a fundamental, constitutional right. State ex rel. Heller v. Miller (1980),61 Ohio St.2d 6, 8-9. Any deprivation of this right must be accorded the appropriate due process protections. See In re Hayes (1997),79 Ohio St.3d 46, 48; In re Sprague (1996), 113 Ohio App.3d 274,276. One basic tenet of due process is the right to notice and an opportunity for hearing. See State ex rel. Ballard v. O'Donnell
(1990), 50 Ohio St.3d 182, 183. Additionally, a parent whose rights to a child may be terminated by the state is entitled to representation by counsel before the trial court. Heller,61 Ohio St. 2d at 12.
In the case at bar, the trial court removed Appellant's original counsel on February 23, 1998, and indicated that new counsel would be appointed. However, the record indicates that new counsel was not appointed until August 31, 1998. During this period of time, Appellant was unaware that he was the father of Windell, and his interests relating to Windell were not represented, by himself or counsel, at any of the hearings conducted by the trial court. Upon learning the results of the genetic tests establishing Appellant as Windell's father, C.S.B. implemented an amended case plan for Appellant on August 18, 1999. However, the record does not indicate that Appellant received notice of this amended case plan. The record does indicate that the results of the genetic testing were not disclosed to Appellant until September 1998. Immediately thereafter, Appellant moved for permanent custody of Windell, and later moved for a six-month extension of C.S.B.'s temporary custody of Windell. However, C.S.B. had previously moved for permanent custody of Windell on August 31, 1998, only thirteen days after adopting the amended case plan for Appellant.
The facts of this case demonstrate that Appellant's due process rights were violated in the proceedings to terminate his parental rights to Windell. A significant period of time elapsed during which Appellant was not represented by counsel, even though he was entitled to counsel and the trial court had stated that counsel would be appointed. Appellant was told by Windell's mother that he was not Windell's father and did not know that he was in fact Windell's father until after C.S.B. had moved for permanent custody. Appellant also did not receive notice of the amended case plan. In short, we conclude that Appellant was denied his due process rights, and that this deprivation prejudiced his ability to either comply with the amended case plan or otherwise fully litigate his rights in the action. Accordingly, we conclude that the trial court should have given Appellant additional time to comply with the amended case plan. Appellant's first assignment of error is sustained.
Second Assignment of Error
 The trial court abused its discretion in granting [C.S.B.'s] motion for permanent custody of Windell Bennett.
Appellant next argues that the trial court's judgment awarding permanent custody of Windell to C.S.B. was not based upon sufficient evidence to meet the clear and convincing evidence standard. However, based upon our resolution of Appellant's first assignment of error, his second assignment of error has been rendered moot. As such, it need not be further considered pursuant to App.R. 12(A)(1)(c). Appellant's second assignment of error is overruled.
 III.
Appellant's first assignment of error is sustained, and his second assignment of error is overruled as moot. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT WHITMORE, J.
CONCURS
[1] The case presently before this Court deals only with the minor child, Windell, and Appellant Darnell Hardison, Windell's biological father. Ms. Bennett and the four fathers of her other four children are not parties to the instant case. Therefore, our consideration of the issues raised by Appellant will be limited to the facts as they relate to Appellant and Windell.