This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
Appellants/cross-appellees, Robert and Marilyn Dittrich ("Grandparents"), appeal and appellee/cross-appellant, Joseph Martin ("Father"), cross-appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, modifying a child custody order. We reverse and remand.
 I.
Father and appellee Michelle Dietrich ("Mother") were married on February 28, 1990. One child, Amanda, was born as issue of the marriage on October 12, 1990. Father filed a complaint for divorce in the Summit County Court of Common Pleas, Domestic Relations Division, on February 1, 1994. Mother answered and counterclaimed. After a trial, an agreed journal entry was filed on October 20, 1995. Under the agreed journal entry, the parties were granted a divorce, and Mother was designated the residential parent with respect to Amanda.
On November 1, 1995, the trial court found Amanda to be a child at risk and requested that the Summit County Children Services Board take Amanda into protective custody. The trial court also noted that Amanda had been living with Grandparents, and that the trial court had encouraged Grandparents to seek custody of Amanda but that they had not yet done so. Grandparents then moved to intervene and to be designated the legal guardians of Amanda on November 30, 1995. Father also moved, pro se, for a modification of his visitation rights with Amanda on February 29, 1996.
On March 20, 1996, the trial court granted Grandparents' motion to intervene. On that same day, an "agreed judgment entry" was filed. Under the agreed judgment entry, Grandparents were designated the residential parent and legal custodians of Amanda, and various support issues were decided. The entry was signed by the trial judge, the magistrate, Mother, Grandparents, and counsel for Grandparents. However, Father did not sign the entry, and there was no place provided for Father's signature.
On June 26, 1997, after at least two attempts to secure a modification in his visitation rights with Amanda, Father moved to vacate the "agreed judgment entry" of March 20, 1996. Father argued that the entry was void because it transferred the designation of the residential parent without his acquiescence or notice to him. The trial court referred the motion to the magistrate.
On September 27, 1997, Father moved to withdraw the motion to vacate. On October 2, 1997, the following order was entered by the magistrate on Father's motions:
* * * For good cause shown, it is therefore,
ORDERED, ADJUDGED, and DECREED, that [Father's] Motion to
 Dismiss Motion to Vacate Agreed Judgment Entry * * * is hereby dismissed in consideration for this court's finding that pursuant to R.C. 3109.04, based on the facts that have arisen since the court's order in [the agreed judgment entry] * * *, a change has occurred in the life of the child[.]
(Emphasis added.)
A hearing was held before the magistrate on the issue of whether Father's visitation rights ought to be modified. Father and Grandparents were present with their attorneys; Mother was not present and was not represented separately by counsel. On October 2, 1997, the magistrate issued his decision, recommending that Amanda remain in the custody of Grandparents and issuing a standard visitation order with respect to Father. Father objected to the magistrate's decision. A hearing was held by the trial court on Father's objections in April and June of 1998. The trial court did not take additional evidence but received the assertions of the parties during argument. The trial court also took into account a report from a Family Court Services evaluator. The trial court stated that it conducted an in camera interview with Amanda, but no record or report of the interview exists.
On July 1, 1998, the trial court issued its decision. Father's objections were overruled, but the trial court modified the magistrate's decision to allow for more visitation by Father. Grandparents appealed, and Father cross-appealed.
 II.
Grandparents assert three assignments of error. Father asserts three cross-assignments of error. Because the resolution of Father's first cross-assignment of error is dispositive of this appeal, we will address it first.
 A.
The first cross-assignment of error states:
 The trial court committed prejudicial error as a matter of law by not voiding the Agreed Judgment Entry of March 20, 1996 in its August 1, 1997 Judgment Entry in which the court remanded the issue to the magistrate; and the trial court abused its discretion and committed prejudicial error as a matter of law by failing to grant Cross Appellant Father's objections to the Magistrate's Decision to vacate the Agreed
Judgment Entry as a matter of law.
Father argues that the trial court erred by not vacating the agreed judgment entry that transferred the residential parent designation from Mother to Grandparents. Father contends that the process by which the agreed judgment entry was approved and the manner in which he was forced to withdraw his motion to vacate the agreed judgment entry violated due process. We agree.
R.C. 3109.23(A) states in pertinent part: "Before making a parenting decree, the court shall give reasonable notice of the parenting proceeding and opportunity to be heard to the contestants, any parent whose parental rights previously have not been terminated, and any person or public agency who has physical custody of the child." This statute embodies the traditional notions of due process accorded by the United States Constitution, "notice and opportunity for hearing appropriate to the nature of the case." State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182,183.
The record before this court indicates that Father did not have notice of the agreed judgment entry and did not have an opportunity to be heard on the matter. The entry can hardly be an "agreed" judgment entry if Father did not agree to it. The problems were further aggravated by the magistrate conditioning a finding of a change in circumstances on Father's withdrawal of his motion to vacate the agreed judgment entry. The obvious implication is that Father would not have been favorably heard on any motion to modify visitation unless he abandoned his motion to vacate.[1]
We conclude that Father's due process rights were violated when his parental rights and responsibilities were altered by the agreed judgment entry, when he did not have notice of or an opportunity to be heard on the matter. Accordingly, the first cross-assignment of error is sustained.
 B.
Based on our resolution of the first cross-assignment of error, we find that Father's second and third cross-assignments of error and Grandparents' three assignments of error are moot and are overruled accordingly. App.R. 12(A)(1)(c).
 III.
Father's first cross-assignment of error is sustained. The trial court's judgment of July 1, 1998, and the agreed judgment entry of March 20, 1996, are reversed, and the cause is remanded for further proceedings consistent with this opinion. The division of parental and custodial rights and responsibilities as determined by the trial court's judgment of July 1, 1998, shall temporarily continue until the matter is expeditiously resolved by the trial court.
Judgment reversed, and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants/Cross-Appellees.
Exceptions.
 _____________________________ WILLIAM G. BATCHELDER FOR THE COURT
WHITMORE, J., CONCURS
[1] We also note other instances where orderly practice and procedure were abandoned in the case at bar. Several times, Mother was not notified of hearings after the agreed judgment entry was entered. Instead, it was assumed that her interests were being represented by Grandparents, despite the apparent incompatibility of their positions.
Another difficulty lies in the record before us on appeal. The magistrate and the trial court relied upon a file created by the Family Court Services Department, under Loc.R. 24 of the Court of Common Pleas of Summit County, Domestic Relations Division, which was apparently entered into evidence at the hearing before the magistrate. However, that file has not been included in the record on appeal. Given that the Family Court Services file was relied on by the trial court and the magistrate, it is difficult to conceive of why it would not be included as part of the record on appeal. A separate motion to supplement the record with such files should not be required in such circumstances.