[Cite as *In re Name Change of Biggerstaff*, 2021-Ohio-591.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN RE: CHANGE OF NAME OF ABIGAIL BIGGERSTAFF | JUDGES: Hon. Craig R. Baldwin, P. J. Hon. John W. Wise, J. Hon. Earle E. Wise, Jr., J. |
| ASHLEY DECOT | |
| Applicant-Appellee | |
| -vs- | Case No. 20 CA 00012 |
| GREGORY BIGGERSTAFF | |
| Respondent-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 20209010 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 4, 2021 |


APPEARANCES:

| | |
|---|---|
| For Applicant-Appellee | For Respondent-Appellant |
| ASHLEY DECOT, PRO SE 2421 Cooperriders Road, NW Glenford, Ohio 43739 | KYLE C. HENDERSON 30 West Hunter Street Logan, Ohio 43138 |

*Wise, John, J.*

**{¶1}** Appellant Gregory Biggerstaff appeals the May 4, 2020, decision of the Perry County Court of Common Pleas, Probate Division, granting a change of name of minor child.

**{¶2}** Appellee Ashley Decot has not filed a brief in this matter. App.R. 18(C) states in pertinent part: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

STATEMENT OF THE FACTS AND CASE

**{¶3}** Appellant Gregory Biggerstaff is the biological father of Abigail Renee Biggerstaff (DOB 3/11/2011). He and the minor child's Mother, Ashley Decot, were divorced by an agreed order dated September 14, 2014, in the Court of Common Pleas of Crawford County, Pennsylvania, where the parties shared physical custody of the minor child.

**{¶4}** On March 11, 2020, Appellee Ashley Decot, filed an Application for Change of Name of Minor with the Perry County Probate Court, to change the name of the minor child, Abigail Renee Biggerstaff to Abigail Renee Decot.

**{¶5}** In said Application, Appellee Ashley Decot did not indicate on the Application that the address of Father was unknown. Instead, Gregory Biggerstaff was identified as the father of the minor child, with an address of 3067 Fitzgerald Road, Simi Valley, CA 93065.

**{¶6}** A hearing was scheduled upon the Application for May 4, 2020.

**{¶7}** No certified mail was served upon father at the aforementioned address.

**{¶8}** On April 1, 2020, Notice of Hearing on Change of Name was published in the Perry County Tribune.

**{¶9}** On May 4, 2020, the trial court summarily approved the Application without hearing.

**{¶10}** On May 18, 2020, Appellant filed an Objection to Name Change and a motion for reconsideration of the trial court's ruling.

**{¶11}** On June 3, 2020, Appellant filed a Request for Transcript.

**{¶12}** On June 3, 2020, a letter from the trial court judge was filed stating no hearing was held in this matter and no transcript existed.

**{¶13}** It is from this decision that Appellant now appeals, raising the following assignments of error:

<u>ASSIGNMENTS OF ERROR</u>

**{¶14}** "I. APPLICANT, ASHLEY DECOT, FAILED TO GIVE PROPER NOTICE TO FATHER, GREGORY BIGGERSTAFF, PROPER NOTICE PURSUANT TO RC 2717.01(B).

**{¶15}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPLICANTS [SIC] PETITION TO CHANGE THE MINOR'S NAME BY FAILING TO CONDUCT A HEARING AND FAILING TO APPLY THE BEST INTEREST STANDARD."

I., II.

**{¶16}** In his two assignments of error, Appellant argues the trial court abused its discretion and ruled against the manifest weight of the evidence in granting Appellee's request to change the name of the minor child. We agree.

**{¶17}** Proceedings for a name change are governed by R.C. §2717.01. The statute provides:

(A)(1) A person desiring a change of name may file an application in the probate court of the county in which the person resides. The application shall set forth that the applicant has been a bona fide resident of that county for at least one year prior to the filing of the application, the cause for which the change of name is sought, and the requested new name. ***

(2) Except as provided in division (A)(4) of this section, notice of the application shall be given once by publication in a newspaper of general circulation in the county at least thirty days before the hearing on the application. The notice shall set forth the court in which the application was filed, the case number, and the date and time of the hearing.

(3) Except as provided by division (C) of this section, upon proof that proper notice was given or that notice was waived under division (A)(4) of this section and proof that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant, the court may order the change of name.

(4) If an applicant for a change of name submits to the court, along with the application described in division (A)(1) of this section, satisfactory

proof that the publication of the notice under division (A)(2) of this section would jeopardize the applicant's personal safety, both of the following apply:

(a) The court shall waive the notice requirement.

(b) If the court orders the change of name under division (A)(3) of this section, the court shall order the records of the change of name proceeding to be sealed and to be opened only by order of the court for good cause shown or at the request of the applicant for any reason.

(B) An application for change of name may be made on behalf of a minor by either of the minor's parents, a legal guardian, or a guardian ad litem. When application is made on behalf of a minor, in addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting by certified mail, return receipt requested. If there is no known father of the minor, the notice shall be given to the person who the mother of the minor alleges to be the father. If no father is so alleged, or if either parent or the address of either parent is unknown, notice pursuant to division (A) of this section shall be sufficient as to the father or parent.

Any additional notice required by this division may be waived in writing by any person entitled to the notice.

{¶18} R.C. §2717.01(B) makes clear that a parent of a minor child is a necessary party who must consent to the child's name change or be given notice of the proceedings so that he or she may be heard in the matter. *See In the matter of Randolph,* 11th Dist.

No. 2003-T-0017, 2005-Ohio-414, at ¶ 8-9. In order to obtain personal jurisdiction over such a parent, her or she must voluntarily appear, commit acts which waive a jurisdictional defense or properly receive service of process. Id. at ¶ 8; *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 464 N.E.2d 538. A judgment entered without proper service is null and void. *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 183, 553 N.E.2d 650, citing *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606.

**{¶19}** Both R.C. §2717.01(B) and Civ.R. 4.4 predicate effective service of process by publication upon the address of the party to be served being unknown. If the parent's address is known, or by the exercise of reasonable diligence may be discovered, then notice of hearing must be had by "certified mail, return receipt requested." *See In the matter of Randolph, supra*, at ¶ 15; Civ.R. 4.4(A).

**{¶20}** In this matter, the record, including the Application filed by Appellee, is sufficient to establish that Appellee knew Appellant's address.

**{¶21}** In such a circumstance, R.C. §2717.01 requires service by certified mail to establish personal jurisdiction over the non-consenting parent. *In re the matter of Randolph* at ¶ 8. There was no service made or even attempted to Appellant by certified mail; therefore, personal jurisdiction for him was never established. Absent personal jurisdiction, the judgment of the court is void. A judgment which is void due to a lack of personal jurisdiction constitutes a reason for vacating a judgment pursuant to Civ.R. 60(B)(5), *GBS Corp. v. Creative Horizons, L.L.C.* (Mar. 27, 2000), 5th Dist. No.1999-CA-356, or, perhaps more properly, may be set aside within the court's inherent power to vacate a judgment undermined by a jurisdictional defect. *Id*. In either event, vacation of the judgment at issue was proper.

**{¶22}**  Based on the foregoing, Appellant's assignments of error are sustained.

**{¶23}**  The judgment of the Court of Common Pleas, Probate Division, Perry County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion. Specifically, the trial court is instructed to enter judgment vacating its previous judgment granting the name change.

By: Wise, John, J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/kw 0303