DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, which approved applications for attorney fees submitted by appellant, Julianne Claydon, a court-appointed counsel in a child abuse case, in an amount less than she requested. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} In her three assignments of error, appellant argues that the trial court's award of attorney fees is arbitrary, unconscionable, and an abuse of discretion. This court finds no merit in these assignments of error.
 {¶ 3} R.C. 120.33 provides that a board of county commissioners shall establish a schedule of fees for the payment of court-appointed counsel.[1] The schedule of fees for court-appointed counsel in Sandusky county was established in the "Amended Fee Schedule for Assigned Counsel, effective April 1, 1996" by resolution 96-126 of the Board of Commissioners, Sandusky County.[2] Counsel who accept appointment as court-appointed attorneys impliedly accept the fee schedule approved by the county commissioners and are bound by that schedule. State v.Magruder (Sept. 27, 1985), 11th Dist. No. 1228.
 {¶ 4} Approval of the fee application submitted by a court-appointed attorney is subject to the exercise of the sound discretion of the trial court as to the reasonableness and appropriateness of such application. State ex rel. Wood v. Christiansen
(1984), 14 Ohio St.3d 27, 29. See, also Bittner v. Tri-County Toyota,Inc. (1991), 58 Ohio St.3d 143, 146. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 5} Upon consideration of the entire record of proceedings, this court finds that the trial court's decision was not unreasonable, arbitrary or unconscionable. Accordingly, appellant's assignments of error are found not well-taken.
 {¶ 6} This court is not unsympathetic to appellant's concern regarding the amount of her compensation as court-appointed counsel. As this court noted in In Re Widener (Mar. 3, 1978), 6th Dist. No. H-77-11, (Connors, J., concurring) :
 {¶ 7} "I appreciate the fact that counsel who accept * * * appointments are, in most cases, underpaid for their skill, effort, and time. Trial courts who are required to appoint counsel often have difficulty finding competent counsel who will undertake the defense, knowing they will not be adequately compensated. However, trite as it may sound, perhaps members of the bar owe to the courts and our system of justice, as imposed on us, an obligation to accept, from time to time, * * * [an] appointment, full well knowing that they will not be fully compensated."
 {¶ 8} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Knepper and Pietrykowski, JJ., concur.
[1] R.C. 120.33 provides:
"(A) In lieu of using a county public defender * * *, the board of county commissioners of any county may adopt a resolution to pay counsel who are either personally selected by the indigent person or appointed by the court. * * *
"* * *
"(3) The board of county commissioners shall establish a schedule of fees by case or on an hourly basis to be paid to counsel for legal services provided pursuant to a resolution adopted under this section. * * *
"(4) Counsel selected by the indigent person or appointed by the court at the request of an indigent person in a county that adopts a resolution to pay counsel, * * * shall be paid by the county and shall receive the compensation and expenses the court approves. * * * Compensation and expenses shall not exceed the amounts fixed by the board of county commissioners in the schedule adopted pursuant to division (A)(3) of this section. No court shall approve compensation and expenses that exceed the amount fixed pursuant to division (A)(3) of this section."
[2] The resolution provides:
"ACTUAL COMPENSATION: Assigned counsel shall be paid such fees and expenses as the court appointing such counsel may authorize and approve, subject to the following guidelines:
"BASIC HOURLY FEE: Such appointed counsel shall be entitled to receive, subject to the hereinafter enumerated Ordinary Maximum Fees, a basic fee of $40 per hour out-of-court, $50 per hour in-court, plus actual expenses.
"ORDINARY MAXIMUM FEES: In all ordinary cases, the maximum mount to be paid to such appointed counsel shall be as follows:
"* * *
"11. Juvenile Proceedings:
Delinquency Offenses $ 750
Guardian Ad Litem 150
All Others 400
"* * *
"EXTRA ORDINARY FEES: In any case wherein it is clearly shown that an extraordinary amount of work has been required to be performed by court-appointed counsel, the court appointing such counsel may, by special order after a show of good cause therefore, authorize the payment of a fee exceeding the Ordinary Maximum Fee as herein before set forth."