[Cite as *Summit at St. Andrews Home Owners Assn. v. Kollar*, 2012-Ohio-1696.]
STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SUMMIT AT ST. ANDREWS | ) | |
| HOME OWNERS ASSOCIATION, | ) | CASE NO. 11 MA 49 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JENNIFER KOLLAR, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:        Civil Appeal from County Court No. 5,
Case No. 10 CVF 29 CNF.


JUDGMENT:        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Carl D. Rafoth
Friedman & Rummell Co., LPA
100 E. Federal St., Suite 300
City Centre One
Youngstown, OH 44503-1810


For Defendant-Appellant:        Jennifer Kollar, Pro-se
6520 St. Andrews Dr., #3
Canfield, OH 44406


JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio


Dated: March 28, 2012

DeGenaro, J.

{¶1}  Pro-se Defendant-Appellant Jennifer T. Kollar, appeals the judgment of the Mahoning County Court No. 5 denying her motion to vacate the default judgment entered in favor of Plaintiff-Appellee Summit at St. Andrews Home Owners Association.  Kollar asserts that the trial court abused its discretion by denying her request for relief pursuant to Civ.R. 60(B).  Kollar's arguments are meritless, because Kollar failed to prove a basis for setting aside the default judgment pursuant to Civ.R. 60(B)(1)-(15).  Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶2}  Kollar owns a condominium unit in the Summit at St. Andrews development in Canfield, which is managed by appellee Summit.  On January 25, 2010, Summit filed a complaint on an account in the Mahoning County Court No. 5 against Kollar, alleging that she owed Summit $665.52 for condominium maintenance fees and a retaining wall assessment, plus continuing condominium fees in the amount of $136.20 per month, water/sewer fees, retaining wall assessments, miscellaneous fees and charges, and late fees until judgment, plus the costs of the action.  Attached to the complaint was an invoice that showed Kollar's account had an outstanding balance of $665.52.

{¶3}  Kollar was served with the complaint on February 16, 2010.  On March 9, 2010, Kollar filed a 72-page pleading in response.  Summit motioned the court for an order requiring Kollar to file a response that complied with the civil rules.  Specifically, Summit took issue with the fact that Kollar's "answer" was not formatted pursuant to Civ.R. 10(B) and that Kollar's "counterclaim" did not comply with Civ.R. 12(E) in that it was so vague and ambiguous that Summit could not be reasonably required to frame a response.  Thus, Summit also moved for a more definite statement of the counterclaim pursuant to Civ.R. 12(E).  On June 24, 2010, the trial court granted Summit's motion and ordered Kollar to comply with the applicable civil rules.

{¶4}  Kollar failed to file an amended pleading that complied with the civil rules and thus Summit filed a combined motion to strike, for sanctions and for default judgment on September 17, 2010, notice of which was sent to Kollar.  Attached to this motion was an affidavit from Gary Broderick of the property management company that kept the

accounts and records for Summit, along with a detailed ledger report showing that Kollar's account had a balance of $692.32 as of August 16, 2010. Kollar filed a response in opposition on September 30, 2010.

**{¶5}** On October 15, 2010, the trial court granted Summit's motion, thereby striking Kollar's "answer and counterclaim," pursuant to Civ.R. 12(F), granting default judgment, and ordering Kollar to pay Summit's attorney fees, for a total judgment of $1,320.32 plus costs.

**{¶6}** On October 29, 2010, Kollar filed a motion for a new trial and relief from judgment, which was opposed by Summit. After holding a hearing on the motion, the trial court denied it. From that judgment, Kollar timely appeals. Kollar filed a stay of execution of judgment with the trial court. The trial court never issued a ruling on the stay.

**{¶7}** Kollar also filed a motion for stay with this court, along with a request to waive bond, and an order to enjoin Summit from shutting off water service to her unit. This court denied those requests and further ruled that since this appeal was taken from a ruling on Kollar's motion for relief from judgment, and not the earlier default judgment, that this appeal would be limited to a review of the order denying the motion for relief from judgment.

### Denial of Civ.R. 60(B) Motion

**{¶8}** In her sole assignment of error, Kollar asserts:

**{¶9}** "The Appellant will show that where the trial court erred and abused discretion [sic], when the court failed to follow the Ohio Revised Code, Ohio Civil Rules, State of Ohio Consumer Protection Laws and Federal Consumer Protection Laws. Such trial court errors and abuse of discretions [sic] transpired, when the trial court denied the Appellant's October 29, 2010 Relief from Default Judgment filing.

**{¶10}** Motions to set aside a judgment are governed by Civ.R. 60(B). The Ohio Supreme Court set forth the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief

under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Id.* at paragraph two of the syllabus.

**{¶11}** The enumerated grounds for relief under Civ.R. 60(B) are as follows:

(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. Civ.R. 60(B).

**{¶12}** "The Supreme Court acknowledges the fine line this rule forces courts to tread, as the preference to hear a case on its merits must be balanced with the necessity of enforcing pleading rules and deadlines." *E. Grace Communications, Inc. v. BestTransport.com, Inc.*, 7th Dist. No. 02 JE 4, 2002-Ohio-7175, ¶11, citing *WFMJ Television, Inc. v. AT&T Federal Systems CSC*, 7th Dist. No. 01CA69, 2002-Ohio-3013, ¶10, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 79, 514 N.E.2d 1122 (1987). The decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. *WFMJ* at ¶10. An abuse of discretion cannot be found merely because the reviewing court would have decided it differently, but rather the trial court's decision must be unreasonable, arbitrary or unconscionable. *Syphard v. Vrable* , 141 Ohio App.3d 460, 463, 751 N.E.2d 564 (7th Dist.2001).

**{¶13}** Although a hearing was held on the motion for relief from default judgment, Kollar failed to order a transcript for inclusion in the appellate record. Absent a transcript,

we presume the regularity of the proceedings. *Knapp v. Edwards Laboratories* , 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Thus, we are constrained by the limited record before us. Further, within her motion for relief from judgment, Kollar also requested a judgment notwithstanding the verdict (JNOV) pursuant to Civ.R. 50(B) and a new trial pursuant to Civ.R. 59. Since there was no trial in this case and Summit was granted a default judgment, the court properly denied relief on these grounds.

{¶14} Regarding Kollar's motion for relief from judgment, there is no dispute as to whether it was timely, thus we need only resolve whether the first and second *GTE* prongs were satisfied.

{¶15} With regard to the first prong, Kollar has alleged a meritorious defense. While a party requesting Civ.R. 60(B) relief from judgment is only required to allege a meritorious defense, not to prove she will prevail on that claim or defense, the movant must allege operative facts with enough specificity to allow the trial court to decide whether she has met that test. *See State Farm Ins. Co. v. Valentino*, 7th Dist. No. 02-CA-119, 2003-Ohio-3487, ¶18; *Syphard*, 141 Ohio App.3d at 463. A proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint. *Amzee Corp. v. Comerica Bank-Midwest*, 10th Dist. No. 01AP-465, 2002-Ohio-3084, ¶20. To simply state that a party has a meritorious defense, without more, is insufficient to satisfy the *GTE* standard. *Domestic Linen Supply & Laundry Co. v. King*, 7th Dist. No. 05-MA-62, 2006-Ohio-756, ¶14. Kollar asserts that she was not obligated to pay the retaining wall assessment and Summit erroneously calculated the amount due on her account.

{¶16} However, Kollar did not demonstrate that she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Kollar raises several main arguments as to why the trial court erred by denying her motion for relief from judgment.

{¶17} First, she contends that Summit's attorney acted unethically because he purportedly represented the condominium developer in the past. While a *misrepresentation or fraud* by the opposing party or its counsel could be grounds for vacating a judgment pursuant to Civ.R. 60(B)(3), *see, e.g.*, *Gursky v. Gursky*, 11th Dist.

No. 2003-P-0010, 2003-Ohio-5697, Kollar does not claim any misrepresentation occurred in this case. Unsupported assertions that opposing counsel had a conflict of interest do not constitute sufficient grounds to vacate a judgment.

**{¶18}** Second, Kollar contends that the affidavit and account ledger attached to Summit's motion for default judgment were "fraudulent," but she provides no evidence of fraud. She is merely disputing her obligation to pay the condo assessment, which goes to the element of stating a meritorious defense.

**{¶19}** Third, Kollar claims the trial court failed to consider her October 19, 2010 response to Summit's default judgment motion. However, the record reveals that the October 19, 2010 response was actually a sur-reply; Kollar had already filed one response to Summit's default judgment motion on September 30, 2010. Pursuant to the county court's local rules, it was not required to consider the sur-reply as Kollar did not move prior to filing it. *See* Mahoning County Court Local Rule 8(D). Further, the October 19, 2010 sur-reply was not filed until after the trial court had granted the default judgment on October 15, 2010.

**{¶20}** Fourth, Kollar contends that the trial court failed to serve her with several judgment entries during the course of the proceedings; for example, the trial court's order requiring her to file an answer and counterclaim that complied with the civil rules. However, "[a] court * * * generally acts and speaks only through its journal by means of orders. Civ.R. 5(A) does not require the service of orders unless the order is 'required by its terms to be served.'" (Internal citations omitted.) *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 124, 502 N.E.2d 599. All the entries at issue were properly docketed, and a certificate of service from the clerk at the bottom of the court's order requiring Kollar to comply with the civil rules indicates that Kollar was sent a copy of that judgment. Accordingly, this is not a proper basis for vacating the default judgment.

**{¶21}** Civ.R. 55(A) governs motions for default judgment:

When a party against whom a judgment for affirmative relief is sought has

*failed to plead or otherwise defend as provided by these rules,* the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties. (Emphasis added.) Civ.R. 55(A).

**{¶22}** Here Kollar filed a responsive pleading which did not conform to the Civil Rules, and the trial court ordered her to file a proper answer. Despite this previous order, Kollar chose not to file a proper answer. After four months elapsed without Kollar filing a proper answer, on Summit's motion the trial court struck the non-conforming answer from the record. *See* Civ.R. 12(F):

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty-eight days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter.

**{¶23}** Once Kollar's response was struck from the record, this became a situation

where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Civ.R. 55(A). *See T.S. Expediting Servs., Inc. v. Mexican Industries, Inc.,* 6th Dist. No. WD-01-060, 2002-Ohio-226 (applying Civ.R. 55(A) where a defendant files an answer that is out of rule.)

**{¶24}** The Civ.R. 55(A) procedural requirements were met in this case. Since Kollar appeared in the action, Civ.R. 55(A) provides that she must receive written notice of the application of default judgment. The certificate of service attached to Summit's default judgment motion demonstrates that Kollar was provided notice of the motion. In addition, instead of filing a conforming answer, Kollar filed what the trial court treated as a brief in opposition to default judgment on September 30, 2010, which it considered when ruling on the motion for default judgment after a hearing on the motion. Again, given the lack of a transcript of the default judgment hearing, the *Knapp* presumption controls our review. Accordingly, the trial court reasonably concluded that there was no basis for setting aside the default judgment.

**{¶25}** Further, to the extent that Kollar raises issues on appeal beyond the propriety of the trial court's denial of her Civ.R. 60(B) motion, this court lacks jurisdiction to consider them. Kollar did not appeal from the default judgment order and this court has already ruled that "this appeal is limited to a review of the order denying the motion for relief from judgment."

**{¶26}** In sum, the trial court did not abuse its discretion by denying Kollar's Civ.R. 60(B) motion. Thus, Kollar's sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.