[Cite as *Draghin v. Issa*, 2013-Ohio-1898.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98890**

## IONUT DRAGHIN

PLAINTIFF-APPELLEE

vs.

## BASSAM ISSA, D.B.A. JOE'S AUTO REPAIR

DEFENDANT-APPELLANT

### JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-745078

**BEFORE:** S. Gallagher, P.J., Rocco, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH   44113


**ATTORNEY FOR APPELLEE**

Sandra J. Rosenthal
600 Standard Building
1370 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Defendant-appellant Bassam Issa ("Bassam") appeals from the trial court's order that denied his motion to vacate a default judgment obtained against him by plaintiff-appellee Ionut Draghin. For the reasons stated herein, we reverse the decision of the trial court and remand the action to the trial court for proceedings on the merits.

{¶2} On January 4, 2011, appellee filed a complaint against "Sam Issa, d.b.a. Joe's Auto Repair," located at 4220 W. 130th Street in Cleveland. An amended complaint was filed on January 20, 2011. Appellee presented two causes of action, seeking replevin of his automobile and alleging violations of the Consumer Sales Practices Act ("CSPA"). Appellee alleged in his complaint that, on August 4, 2010, he entered into a contract with the defendant for the repair of a 2007 BMW M5, by the terms of which his vehicle would be repaired for $2,700. Appellee claimed the contract was entered with Christopher Duffin, a mechanic who appellee alleged was "defendant's agent." A copy of the contract was attached to the complaint. The contract, which was labeled "estatement [sic] sheet," was headed "Joe's Auto Repair," and was signed by Christopher Duffin. The contract did not provide for storage fees and indicated that Joe's Auto Repair was "not responsible for parts cost."

{¶3} Appellee claimed that he provided a down payment of $1,000, provided an additional $1,300 payment toward the repair, and paid for parts in the approximate amount of $3,000. Appellee further alleged that he was informed in October 2010 that

Duffin had left Joe's Auto Repair, and that he spoke with "Sam Issa," who refused to accept the remaining $400 owed under the contract and would not release the vehicle unless additional sums were paid. Appellee further alleged he attempted to resolve the situation with "defendant's counsel," but was informed in December 2010 that defendant would not release the vehicle without the payment of an additional $3,000 for "labor, parts, and storage."

{¶4} Appellee asserted the car was worth approximately $30,400 to $36,100. He claimed that as a result of the "unlawful retention" of his vehicle, he had suffered the loss of its use, insurance payments of approximately $70 per month, and his own "emotional distress" over the matter. His request for damages included, among other relief, treble damages or "two hundred dollars for each unlawful act," attorney fees, compensatory and consequential damages in excess of $25,000, return of the vehicle, and pre- and post-judgment interest.

{¶5} Service of process for the original complaint was sent by certified mail to "Sam Issa d.b.a. Joe's Auto Repair." The green card bears a scribble on the "received by" line. Its return was noted on the docket as "received at address 01/18/2011 signed by other," and it was processed by the clerk on January 27, 2011. The certificate of service on the amended complaint indicates that it was sent by ordinary mail to both Sam Issa d.b.a. Joe's Auto Repair at 4220 West 130th Street and Joseph T. George, Esq.

{¶6} Bassam never filed an answer and did not otherwise appear in the action. On March 11, 2011, appellee filed a motion for default judgment and requested a separate

hearing on damages and attorney fees. In a footnote, appellee indicated that attorney Joseph George had informed counsel that he no longer represented defendant. Appellee's affidavit was attached to the motion, wherein appellee restated most of the pertinent allegations of his amended complaint. He also attached a copy of his certificate of title to the car, which reflected that he purchased the vehicle as a "salvage" for $19,800. The motion was sent by ordinary mail to "Sam Issa, d.b.a. Joe's Auto Repair" at the W. 130th Street address.

{¶7} The trial court set the matter for default hearing and ordered appellee to send defendant a copy of the motion and notice of the hearing. The default hearing proceeded on March 30, 2011. On March 31, 2011, the trial court granted judgment in favor of appellee and retained jurisdiction to determine "post judgment motions." The following day, the trial court issued an order to defendant to immediately deliver the vehicle to appellee. The sheriff's office recovered the vehicle, and appellee notified the court that he had obtained possession of his car.

{¶8} Thereafter, a damages hearing was held. On July 22, 2011, the court issued an entry noting that the hearing had proceeded with appellee and his expert witness present, that evidence had been presented on damages, and that appellee was entitled to $317,634 plus $4,580 in attorney fees against defendant.

{¶9} On August 2, 2011, appellee filed a judgment lien against Sam Issa d.b.a. Joe's Auto Repair. On August 8, 2011, appellee filed a "motion to correct record" to reflect that Sam Issa's real name was "Bassam Issa." Appellee attached an affidavit

from George Caraman, who averred that he had "learned from the mechanic at Joe's Auto Repair that Sam Issa's full name is Bassam Issa." Also attached was a copy of a letter, undated, on "Joseph T. George, LLC" letterhead, signed by "Genevieve George for Joseph T. George LLC." The letter was addressed to "A.J. Stempuzis" regarding his "client," Ionut Draghin. The letter indicated that Sam Issa is the "owner of Sam's Auto Sales and Joe's Auto Repair" and stated that "in entering an agreement with Chris Duffin, [Draghin] entered into an agreement with Sam Issa for repairs," and that Sam Issa was "entitled to be paid for [the] repairs." On August 11, 2011, the trial court granted appellee's motion to correct the record.

{¶10} Thereafter, appellee made attempts to collect on the judgment. The court ordered Bassam Issa d.b.a. Joe's Auto Repair to appear for a debtor's examination, but he never appeared. A show cause hearing was set for August 8, 2012.

{¶11} On August 2, 2012, Bassam filed a motion to stay proceedings in aid of execution. He also filed a motion to vacate the default judgment, claiming he had never been served with the complaint. Bassam filed a separate request for an oral hearing.

{¶12} Bassam attached three affidavits to his motion to vacate the default judgment. In his affidavit, Bassam averred that he "worked with [his] brother Wissam Issa, who owned a limited liability corporation doing business as 'Sam's Auto Sales,' at the lot located at 4220 West 130th St., Cleveland, Ohio." Bassam averred that "Duffin rented space from [his] brother" and that "Duffin did business under the name of 'Joe's Auto Repair.'" Bassam claimed he had no involvement with Draghin's agreement with

Duffin. Bassam did admit he had called Draghin in November 2010 to pick up the car and had informed appellee that he would have to pay storage fees of $400 per month. Bassam averred that he "never received a copy of Plaintiff's complaint prior to the judgment being rendered against [him]."

{¶13} Wissam Issa's affidavit stated that he is the sole owner of "Sam's Auto Sales," that Duffin paid rent to operate Joe's Auto Repairs out of part of the building at that location, and that Wissam Issa's business had no involvement with Duffin's "Joe's Auto Repairs." In Duffin's affidavit, he averred that he rented space from Wissam Issa, that he had made the agreement with appellee, that he left the premises in November 2010 and notified appellee he had to remove the vehicle from the premises, and that Bassam had no involvement with the agreement or in any aspect of his repair business or the work done for appellee.

{¶14} Appellee filed a brief in opposition to Bassam's motions. Appellee argued that service of the complaint was reasonably calculated to reach Bassam at the business where the complaint was served, that a courtesy copy of the complaint was faxed to attorney Joseph George, that the amended complaint and other notices were sent to the defendant, and that Bassam never asserted the defense of insufficiency of process.

{¶15} No hearing was held, and on August 7, 2012, the trial court issued a journal entry that stated defendant's motions to stay and vacate were denied. Bassam filed a motion for reconsideration the following day. To this motion, he attached an affidavit of attorney Joseph George, who averred that he never authorized Genevieve George to send

a letter on his behalf, he did not prepare the letter, and he was not aware of its existence until recently.

**{¶16}** Bassam filed a timely notice of appeal from the trial court's order of August 7, 2012.

**{¶17}** Bassam presents one assignment of error, claiming the trial court erred in denying his motion to vacate a void judgment. We review a trial court's decision to grant or deny a motion to vacate for an abuse of discretion. *Nationwide Mut. Fire Ins. Co. v. Barrett*, 7th Dist. No. 08MA130, 2008-Ohio-6588, ¶ 11. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶18}** Bassam argues the trial court's order was improper because appellee never obtained service upon him and he never had proper notice of the action. He states that service was sent to "Sam Issa" at a place where Bassam Issa did not work, that Duffin was not his agent, and that he never received the complaint. Therefore, he claims the trial court lacked personal jurisdiction and the judgment is void ab initio. He further complains that he is facing a judgment of over $320,000 for automobile repairs that were to cost $2,700 and arose from a business in which he was not involved.

**{¶19}** While appellee claims Bassam failed to assert a defense of insufficient service of process, this argument is misplaced because Bassam never filed an answer or otherwise appeared in the action. A trial court lacks jurisdiction to render a judgment against a defendant if service of process is improper and the defendant has not appeared

or waived service. *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 8 (8th Dist.); *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984). Where service of process has not been accomplished, any judgment rendered is void ab initio. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183, 553 N.E.2d 650 (1990). Furthermore, the authority to vacate such a judgment does not derive from Civ.R. 60(B), but from the inherent power of the court. *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988).

{¶20} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). There are inherently greater risks involved with attempting service at a business address "by virtue of the oftentimes numerous intermediate, and frequently uninterested, parties participating in the chain of delivery." *Id*. at 406. Each case must be examined on its particular facts to determine whether service of process was reasonably calculated to reach the interested party. *Id*. at 407.

{¶21} The plaintiff in a case bears the burden of achieving proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). There is a rebuttable presumption of proper service when the civil rules governing service are followed. *Money Tree Loan Co.* at ¶ 10. Thus, even when the rules are complied with, a party is entitled to have the judgment vacated if nonservice is shown. *Id*.

{¶22} In this case, the summons was sent to "Sam Issa d.b.a. Joe's Auto Repair" at a place of business and was signed for by "other." Bassam submitted an affidavit indicating that he was not involved with Joe's Auto Repair and never received service in this action. While the complaint was also sent to attorney Joseph George, he indicated to appellee's counsel that he was not representing Bassam in this matter. Attorney George also did not attest to the undated letter sent by Genevieve George, purportedly on his behalf. Insofar as Bassam was aware of attempts to collect on the judgment "at least as early as March, 2012," this was after the judgment had been rendered. A review of the record reveals that Bassam did not appear or waive service prior to the final judgment entry. On the record before us, Bassam presented sufficient evidence to rebut the presumption of proper service.

{¶23} In this case, appellee obtained a default judgment against Bassam for over $300,000, when his initial contract with Draghin was for the repair of his vehicle for $2,700 labor. Upon our consideration, we remain mindful of the basic tenet of Ohio law that cases should be decided on their merits when possible. *Rafalski v. Oates*, 17 Ohio App.3d 65, 67, 477 N.E.2d 1212 (8th Dist.1984), citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983). Further, default judgments are not favored where large sums of money are at issue. *Russo v. Fonseca*, 8th Dist. No. 98527, 2012-Ohio-5714, ¶ 29; *Young v. Walker*, 8th Dist. No. 49972, 1986 Ohio App. LEXIS 5282 (Jan. 16, 1986); *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980).

**{¶24}** Upon the particular facts and circumstances presented, we find the trial court abused its discretion in denying the motion to vacate default judgment. Accordingly, we reverse the decision of the trial court and remand the matter for proceedings on the merits of the case.

**{¶25}** Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
TIM McCORMACK, J., CONCUR