[Cite as *Quick v. Jenkins*, 2013-Ohio-4371.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JANICE LEE QUICK, et al., | ) | |
| | ) | CASE NO.    13 CO 4 |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| L.D. JENKINS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                   Case No. 12CV251.

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiffs-Appellees:          Attorney David Tobin
                                   Attorney Charles Payne
                                   617 St. Clair Avenue
                                   P.O. Box 114
                                   East Liverpool, Ohio  43920


For Defendant-Appellant:           L.D. Jenkins, *Pro se*
                                   P.O. Box 51
                                   Cashion, Oklahoma  73016


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  September 30, 2013

VUKOVICH, J.

{¶1} Defendant-appellant L.D. Jenkins appeals the decision of the Columbiana County Common Pleas Court denying his motion to vacate a default judgment that was entered against him. The basis of the motion to vacate was the failure to serve appellant. For the reasons expressed below, given our standard of review, we find that the trial court did not abuse its discretion in failing to vacate the default judgment. Therefore, the trial court's decision is hereby affirmed.

Statement of Case

{¶2} Plaintiffs-appellees Janice Lee Quick, JoAnne Ciaverella and Maria McNicol own land located in Columbiana County, Ohio. This property had been in their family since 1931. Unknown to appellees, the mineral interests were severed from the property prior to their family acquiring the property. Allegedly, it was not until after they signed an oil and gas lease with Chesapeake Appalachia LLC, that they discovered the cloud on their mineral interest title.

{¶3} Appellees then attempted to have the mineral interests reattached to the surface under the Ohio Dormant Mineral Act, R.C. 5301.56. Appellees notified the holders of the mineral interests of this intent by publishing a notice in a local newspaper. This notice allegedly complied with R.C. 5301.56(E). After publication, the holders had 60 days to respond pursuant to R.C. 5301.56(H).

{¶4} On July 18, 2011, within the 60 day time period, William Parr filed an affidavit with the Columbiana County Recorder's Office in an attempt to preserve the mineral rights for the alleged listed holders in that affidavit. In addition to others, he listed the parties as Willow Point Corporation, Remora LLC and appellant. The affidavit indicated that all three of these parties were located at 1200 Belford Avenue, Oklahoma City, Oklahoma.

{¶5} Approximately nine months later, appellees filed an action in Columbiana County Common Pleas Court seeking to quiet title to the mineral interests. 04/17/12 Complaint. Appellees contended that the Parr affidavit is void and does not preserve any mineral interests. If that argument was accepted, then the mineral interests would reattach to the surface and appellees would be

determined to be the owners of interests. All parties named in the Parr affidavit were listed as defendants in the quiet title action, which included appellant, Willow Point Corporation, and Remora LLC. The address identified in that affidavit is where appellees attempted to serve those defendants. Thus, summons to appellant was sent by certified mail to the 1200 Belford Avenue address.

{¶6} The summons sent to appellant was accepted and signed for by Penney LaZaroff. However, appellant failed to appear or answer. Thus, appellees moved for default judgment, which the trial court granted. 06/07/12 Motion for Default Judgment; 06/12/12 J.E.

{¶7} Roughly four months later, appellant filed a motion to vacate default judgment. 10/09/12 Motion. The basis of the motion was that he was not properly served. Attached to the motion were three affidavits – one from appellant, one from Parr on behalf of Willow Point Corporation, and one from LaZaroff. All three affidavits indicate that neither LaZaroff nor Willow Point Corporation have been authorized to accept service of process on appellant's behalf. They also indicate that appellant does not reside or work at 1200 Belford Avenue and that appellant has no ownership or affiliation, including employment, with Willow Point Corporation.

{¶8} Appellees filed a motion in opposition to the motion to vacate. 10/29/12 Motion. The basis of the motion was that appellant was served at the address listed in the Parr affidavit and that appellant had been served at this address in other cases that are pending in Columbiana and Belmont Counties. Appellant filed a reply to the opposition motion. 11/15/12 Motion. After reviewing all motions, the trial court denied appellant's motion to vacate. 12/18/12 J.E.

{¶9} Appellant appeals from that order.

Standard of Review

{¶10} We review a trial court's decision to grant or deny a motion to vacate for an abuse of discretion. *Nationwide Mut. Fire Ins. Co. v. Barrett,* 7th Dist. No. 08MA130, 2008–Ohio–6588, ¶ 11. An abuse of discretion implies that a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St .3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion cannot be found merely

because the reviewing court would have decided it differently. *Summit at St. Andrews Home Owners Assn. v. Kollar*, 7th Dist. No. 11MA49, 2012-Ohio-1696, ¶ 12.

### Arguments on Appeal

**{¶11}** Two distinct arguments as to why the default judgment should be vacated are raised in appellant's *pro se* brief. First, he contends that since he was not properly served with the summons and complaint the trial court lacked personal jurisdiction over him and therefore, the judgment must be vacated. Second, he contends that if this court finds he was properly served, the judgment should still be vacated on the basis of excusable neglect as espoused in Civ.R. 60(B). Each argument will be addressed in turn.

### 1. Service

**{¶12}** As aforementioned, the basis for the motion to vacate was lack of personal jurisdiction, or more specifically that appellant was not properly served.

**{¶13}** It has been explained that in general a "trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings." *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus. *See also Draghin v. Issa*, 8th Dist. No. 98890, 2013-Ohio-1898, ¶ 19 (a trial court lacks jurisdiction to render a judgment against a defendant if service of process is improper and the defendant has not appeared or waived service). If a court renders judgment when it does not have jurisdiction over the parties, the judgment is a nullity and is void *ab initio*. *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956); *Tuckosh v. Cummings*, 7th Dist. No. 07HA9, 2008–Ohio–5819, ¶ 17. It is within a trial court's inherent authority to vacate a void judgment; a party need not seek relief under Civ.R. 60(B) in order to have the judgment vacated. *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988); *see also, Ross v. Olsavsky*, 7th Dist. No. 09 MA 95, 2010–Ohio–1310, ¶ 11.

**{¶14}** There is no dispute that appellant did not take any actions to defend or appear in the quiet title action. Therefore, service is the only other means to acquire personal jurisdiction over appellant.

**{¶15}** Service of process must comply with Civ.R. 4.1 through 4.6. The plaintiff in a case bears the burden of achieving proper service on a defendant. *Draghin*, 2013-Ohio-1898, at ¶ 21, citing *Cincinnati Ins. Co. v. Emge,* 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). There is a rebuttable presumption of proper service when the civil rules governing service are followed. *Id.*, citing *Money Tree Loan Co.* at ¶ 10. Thus, even when the rules are complied with, a party is entitled to have the judgment vacated if nonservice is shown. *Id. See also Ross,* 7th Dist. No. 09MA95, 2010–Ohio–1310, at ¶ 14.

**{¶16}** Courts have stated that service of process must be made in a manner **reasonably calculated** to apprise interested parties of the action and to afford them an opportunity to respond. *Draghin*, 2013-Ohio-1898, at ¶ 20 citing *Akron–Canton Regional Airport Auth. v. Swinehart,* 62 Ohio St.2d 403, 406, 406 N .E.2d 811 (1980). Attempting service at a place other than the party's residence involves inherently greater risks that the party will not receive the notice. *Draghin*, 2013-Ohio-1898, at ¶ 20. Each case must be examined on its particular facts to determine whether service of process was **reasonably calculated** to reach the interested party. *Id.* at 407.

**{¶17}** Here, the summons and complaint were sent to "L.D. Jenkins, c/o Willow Point Corp., 1200 Belford Ave., Oklahoma City, Oklahoma." It was signed for by a Penney LaZaroff. Considering that the certified mail was signed for, there is a presumption that service was proper.

**{¶18}** Despite that, appellant contends that he did not receive notice of the complaint. Attached to his motion to vacate default judgment, he attached three affidavits.

**{¶19}** The first affidavit is his personal affidavit. In it he states that his residential address is 18477 W. Triplett Road, P.O. Box 51, Cashion, Oklahoma; he does not reside at 1200 Belford Ave., Oklahoma City. He further states that he is not employed by, affiliated with, or has any ownership interest in Willow Point

Corporation. He adds that Penney LaZaroff is not related to him and does not reside with him. Also, he avows that he has never employed Willow Point Corporation or Penney LaZaroff.

{¶20} The second affidavit is from William Parr, president of Willow Point Corporation. Parr indicates appellant is not his employee, that he is not an employee of appellant, and that appellant is not affiliated with and has no ownership interest in Willow Point Corporation. He further adds that Willow Point Corporation, William Parr, and Penney LaZaroff have never been authorized by appellant to accept service of process on his behalf.

{¶21} The third affidavit is from Penney LaZaroff. She indicates that she has never been employed by appellant and has not been authorized to accept service of process on his behalf. She further adds that she is not related to appellant.

{¶22} In response to the motion and affidavits, appellees filed their own motion asserting that in recent cases in Columbiana County and in Belmont County, appellant has been served at the 1200 Belford Avenue address, has appeared and defended those actions, and has not argued improper service. Attached to those motions are certified judgments from the Columbiana County and Belmont County cases.

{¶23} The other cases from Columbiana and Belmont counties do show that appellant was served at the 1200 Belford Avenue address, he defended those actions and he did not argue improper service. Those cases, like the one before us, are based on mineral interests in Ohio. Furthermore, William Parr, the president of Willow Point Corporation is the one who named appellant in the affidavit and attempted to preserve appellant's interest in this case.

{¶24} Given the unique facts of this case and the standard of review, we cannot find that the trial court abused its discretion in denying the motion to vacate. Admittedly, personal jurisdiction can be waived. *Preferred Capital, Inc. v. Power Eng'g Grp., Inc.*, 112 Ohio St. 3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 6. There is no rule that for purposes of service, waiver of personal jurisdiction in one case is waiving personal jurisdiction in another case. However, as explained earlier, the

complaint sent by certified mail was signed for creating the presumption that service was proper. Furthermore, each case is fact specific to determine whether service of process was **reasonably calculated** to reach the interested party. Here, appellant in numerous other mineral interest cases has appeared and defended actions when the complaint was sent to the 1200 Belford Avenue address. Thus, given the past conduct, we cannot conclude that the trial court abused its discretion in finding that service was completed, i.e. that service of process was reasonably calculated to reach appellant. That said, we could have possibly reached a different conclusion when reviewing the facts and the affidavits; however, that is not enough to conclude that the trial court abused its discretion. *Summit at St. Andrews Home Owners Assn*, 7th Dist. No. 11 MA 49, 2012-Ohio-1696, ¶ 12. The argument that service was not completed lacks merit.

### 2. Excusable Neglect

{¶25} Civ.R. 60(B)(1) permits a trial court to relieve parties from a final judgment when there is a "mistake, inadvertence, surprise or excusable neglect."

{¶26} In the appellate brief, appellant asserts that if this court finds that service was accomplished, we should still vacate the default judgment on the basis of excusable neglect. Little argument is provided as to why and how excusable neglect under Civ.R. 60(B)(1) is applicable in this situation.

{¶27} That deficiency alone provides a basis for not reviewing the argument. App.R. 16(A). However, even if we disregard that deficiency, we still cannot consider the argument because it was not raised to the trial court; the motion seeking vacation did not raise excusable neglect as a basis to vacate the default judgment. Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal; issues not raised to trial court are deemed waived on appeal. *Litva v. Richmond,* 172 Ohio App.3d 349, 2007–Ohio–3499, 874 N.E.2d 1243, ¶ 18 (7th Dist.). *See also Gilchrist v. Saxon Mtge. Servs.,* 10th Dist. No. 12AP–556, 2013–Ohio–949, ¶ 22 (an issue not raised in the trial court is waived for purposes of appeal); *Ratcliff v. Darby,* 4th Dist. No. 02CA2832, 2002–Ohio–6626, ¶ 18 (issues

raised for the first time on appeal will not be considered).  On that basis any argument based on excusable neglect lacks merit.

<u>Conclusion</u>

**{¶28}** In conclusion, the sole assignment of error lacks merit.  The trial court did not abuse its discretion in denying the motion to vacate.  Therefore, the judgment of the trial court is affirmed.


Donofrio, J., concurs.
DeGenaro, P.J., concurs.