[Cite as *Credit Acceptance Corp. v. Koher*, 2019-Ohio-2727.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### BELMONT COUNTY

CREDIT ACCEPTANCE CORP.,

Plaintiff-Appellee,

v.

AARON KOHER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0040**

---

Civil Appeal from the
Court of Belmont County, Western Division of Belmont County, Ohio
Case No. 17CVF00530W

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Yale Levy and Atty. Kathleen Smith*, Levy & Associates, LLC., 4645 Executive Drive, Columbus, Ohio 43220, for Plaintiff-Appellee and

Aaron Koher, PRO SE, 4236 Pine Alley, Bellaire, Ohio 43906, for Defendant-Appellant.

Dated:
June 28, 2019

**Donofrio, J.**

{¶1} Defendant-appellant, Aaron Koher, appeals the Belmont County Court, Western Division's judgment awarding summary judgment on a breach of contract claim in favor of plaintiff-appellee, Credit Acceptance Corporation.

{¶2} On January 8, 2016, appellant purchased a 2006 Ford F150 truck with Ohio Motor Group, LLC. Appellant signed a retail installment contract with Ohio Motor Group where he agreed to pay a total of $9,014.30 consisting of a down payment of $800.00 and 45 monthly payments of $182.54. In the contract, Ohio Motor Group assigned its interest to appellee.

{¶3} According to appellant, two days after he purchased the truck, it became completely inoperable. Appellant argues that the truck was defective and refused to make any payments on the contract. At some point, the truck was repossessed due to appellant's failure to make payments on the contract. On September 22, 2016, appellee sent appellant a notice that the truck was repossessed due to appellant's failure to make payments.

{¶4} On October 27, 2016, appellee sent appellant a notice to sell the truck at a public sale via certified mail. On November 28, 2016, appellee sent appellant a notice of disposition of repossessed property. The notice of disposition of repossessed property stated appellant owed a deficiency balance of $4,865.31 on the truck. Appellant made no payments on the deficiency balance.

{¶5} On December 22, 2017, appellee filed this action raising a sole breach of contract claim and sought the deficiency balance plus interest from September 21, 2016. Appellee attached to its complaint: an affidavit from one of its employees attesting to the amount owed, appellant's payment history report, a copy of the retail installment contract, a copy of the notice of repossession, a copy of the notice to sell property, and a copy of the notice of disposition of repossessed property. Appellant was served notice of this action by certified mail.

{¶6} On January 19, 2018, appellant filed what was construed to be an answer. While the answer did not admit or deny the specific allegations in the complaint, appellant

generally indicated that he disputed all of appellee's allegations. The answer also argued that the truck began having problems approximately one hour after leaving Ohio Motor Group. Appellant accused Ohio Motor Group of fixing the vehicle to work for only a short period of time in order to sell the truck.

{¶7} On February 12, 2018, appellee sent appellant its first set of interrogatories, requests for production of documents, and requests for admission. Appellee filed a notice of service of these discovery requests on February 14, 2018.

{¶8} On April 12, 2018, appellee filed a motion for summary judgment. Appellee argued that it was entitled to summary judgment because appellant failed to respond to the requests for admission and the requests were admitted by default. With the requests for admission now admitted by default, appellee argued that there was no genuine issue of material fact regarding its breach of contract claim. Appellee attached to its motion a copy of its requests for admission propounded to appellant as well as the exhibits that were attached to the complaint.

{¶9} On April 27, 2018, appellant filed two separate motions. The first was a "notice to bring suit." The second was styled as an opposition to summary judgment. In the opposition to summary judgment, appellant generally argued that the facts of the action were in dispute. Appellant also argued that he was not properly served notice of this action. Appellant attached his responses to appellee's requests for admission and interrogatories to his opposition to summary judgment.

{¶10} On May 8, 2018, the trial court granted appellee's motion for summary judgment. The trial court held that because appellant failed to timely respond to appellee's discovery requests, the requests for admission were deemed admitted and no genuine issue of material fact existed regarding appellee's breach of contract claim. The trial court also held that appellant was properly served because the certified mail return receipt was signed and appellant timely filed an answer.

{¶11} Appellant timely filed a notice of appeal on June 5, 2018. Appellant now raises three assignments of error.

{¶12} Because appellant's first and second assignments of error raise similar arguments, they will be addressed together. Appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE MOTION FOR SUMMARY JUDGMENT ON MAY 08, 2018.

**{¶13}** Appellant's second assignment of error states:

THE PLAINTIFF-APPELLEE WAS NOT ENTITLED TO THE SUMMARY JUDGMENT.

**{¶14}** Appellant argues that he does not owe any money to appellee because: the truck he purchased was defective, he verbally canceled the contract, and the car dealership where he purchased the truck is being investigated for fraudulent activities.

**{¶15}** An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

**{¶16}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

**{¶17}** In *Dresher*, the Ohio Supreme Court held that a party who moves for summary judgment need not support its motion with affidavits provided that the party does not bear the burden of proof on the issues contained in the motion. *Dresher* at 277.

Further, there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. *See, e.g.,* Civ.R. 56(A) and (B). *Id.* However, there is a requirement that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C). *Id.*

**{¶18}** Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶19}** Appellee set forth a sole breach of contract claim. "In order to recover on a claim of breach of contract, the plaintiff must prove (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff." *Price v. Dillon*, 7th Dist. Mahoning Nos. 07-MA-75, 07-MA-76, 2008-Ohio-1178, ¶ 44.

**{¶20}** Appellee's motion for summary judgment contained two exhibits. Exhibit B is identified as "additional documents." One of the documents in Exhibit B is a copy of the retail installment contract between appellant and Ohio Motor Group. This contract details that appellant was purchasing a Ford F150 truck for a total purchase price of $9,014.30. The contract called for appellant to make a down payment of $800.00 and monthly payments of $182.54. Page four of the contract states that Ohio Motor Group assigned its interest in the contract to appellee. Finally, the contract is electronically signed by appellant. Based on these facts, there was a valid contract between appellant and Ohio Motor Group and appellee was immediately the successor on Ohio Motor Group's interest on the contract.

**{¶21}** As for the second breach of contract element, appellant's answer in this action indicates that he received the truck. Appellant also admitted by default that appellee financed the purchase of the truck. Therefore, appellee and Ohio Motor Group performed on the contract.

**{¶22}** As for the third breach of contract element, Exhibit B of appellee's motion for summary judgment contains an affidavit of accounting from Kristen Fountaine.

Fountaine's affidavit avers that "Defendant has failed to make one or more payments when due." (Fountaine Aff. ¶ 5[B]). Also part of Exhibit B is appellant's customer payment history report. This report indicates that appellant never made a payment on the truck. As such, the element of appellant breaching the contract is met.

{¶23} As for the fourth breach of contract element, Fountaine's affidavit also avers that after giving credit for all payments, rebates, and set-offs, there remained due and owing under the contract $4,865.31 plus interest from September 21, 2016. (Fountaine Aff. ¶ 5[C]). As such, the element of loss to the plaintiff is met.

{¶24} Additionally, Exhibit A of appellee's motion for summary judgment is a copy of the requests for admission appellant failed to timely answer. As appellant failed to timely respond, the trial court held that they were admitted by default. These default admissions show: appellant had a contract for the purchase of the truck with Ohio Motor Group, appellant's purchase was financed by appellee, appellant breached the terms of the contract, and appellant owes $4,865.31. Appellant never filed a motion to amend or withdraw his default admissions. Based on the above, appellee put forth sufficient evidence to establish that it was entitled to summary judgment on its breach of contract claim.

{¶25} With appellee's burden satisfied, appellant had a reciprocal burden to submit evidence which would create a genuine issue of material fact.

{¶26} Appellant's opposition to summary judgment only argued that "[t]he facts in this case are now and have always been in dispute." It did not state with any specificity exactly what facts were in dispute. It also had no accompanying exhibits or affidavits supporting appellant's argument that the facts were in dispute. Appellant did attach his responses to appellee's interrogatories and requests for admission but, as previously explained, they were untimely and the requests for admission were deemed admitted by default. Moreover, self-serving responses to interrogatories, absent further evidentiary support, do not create a genuine issue of material fact. *White v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 10AP-294, 2011-Ohio-204, ¶ 8-10.

{¶27} Appellant's brief in this appeal also argues that summary judgment was improper because Ohio Motor Group was potentially engaged in fraudulent business practices. Appellant argues that this is evidenced by the fact that the car dealership where

he purchased the truck is now vacant. But appellant did not submit any evidence that would indicate Ohio Motor Group engaged in fraudulent business practices and relies only on his assertions. A party's unsupported and self-serving assertions are insufficient to overcome a properly supported motion for summary judgment. *Nolan v. Hinzey*, 7th Dist. Belmont Nos. 15 BE 0047, 15 BE 0048, 2016-Ohio-4657, ¶ 56 quoting *Telecom Acquisition Corp. I v. Lucis Ents., Inc.*, 8th Dist. Cuyahoga No. 102119, 2016-Ohio-1466. Because appellant did not meet his reciprocal summary judgment burden, the award of summary judgment in appellee's favor was proper.

**{¶28}** Accordingly, appellant's first and second assignments of lack merit and are overruled.

**{¶29}** Appellant's third assignment of error states:

THE APPELLEE DID NOT GIVE PROPER SERVICE TO THE APPELLANT.

**{¶30}** Appellant argues that he did not receive proper notice of this action.

**{¶31}** Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise [interested parties] of the pendency of the action." *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981).

**{¶32}** Service of process must comply with Civ.R. 4.1 through 4.6. The plaintiff bears the burden of achieving proper service on the defendant. *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 21. There is a rebuttable presumption of proper service when the civil rules governing service are followed. *Id.* at ¶ 10.

**{¶33}** Appellant's opposition to summary judgment and brief in this appeal only argue that he never received service. The methods of service are governed by Civ.R. 4.1. Pursuant to Civ.R. 4.1(A)(1)(a), service may be made via U.S. certified mail evidenced by a return receipt signed by any person.

**{¶34}** The record shows that the summons and complaint were sent to appellant via U.S. certified mail to 41381 Brown Road in Bethesda, Ohio. This is the address listed for appellant on the contract at issue. The return receipt shows that the service was signed for by a person.

Case No. 18 BE 0040

**{¶35}** Moreover, appellant timely filed what was construed to be an answer to the complaint. Appellant's answer cited the correct trial court case number for this action (17CVF00530W) and raised general denials to all of the complaint's allegations. As for appellant's opposition to summary judgment, it has no evidence to rebut the presumption that he was properly served notice of this action. Based on the above, appellant was properly served notice of this action.

**{¶36}** Accordingly, appellant's third assignment of error lacks merit and is overruled.

**{¶37}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, P. J., concurs.
D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Belmont County Court, Western Division of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**