[Cite as *Pezzenti v. Pezzenti*, 2020-Ohio-3585.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

DEBORAH A. PEZZENTI,

Plaintiff-Appellee,

v.

ALBERT F. PEZZENTI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0085**

---

Domestic Relations Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18 DR 444

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. David Anthony*, Anthony & Zomoida, LLC., 40 South Main Street, Poland, Ohio 44514, for Plaintiff-Appellee and

*Atty. James Gentile*, DeGenova & Yarwood, Ltd., The Liberty Building, 42 North Phelps Street, Youngstown, Ohio 44503 for Defendant-Appellant.

Dated:
June 25, 2020

**Donofrio, J.**

**{¶1}** Defendant-appellant, Albert Pezzenti, appeals the judgment of the Mahoning County Common Pleas Court, Domestic Relations Division overruling his objection to a magistrate's decision following a bench trial.

**{¶2}** On September 12, 2018, plaintiff-appellee, Deborah Pezzenti, filed a complaint for divorce against appellant. Appellee instructed the clerk to serve appellant process at 1980 Ridgelawn Drive in Youngstown, Ohio. At the time, appellant owned this residence and the parties' adult daughter, Tina Pezzenti, resided at this residence. Service was completed on September 15, 2018. The clerk received the signed service return receipt on September 17, 2018.

**{¶3}** Appellant did not appear in this action. At some point, it was discovered that appellant may not have been residing at 1980 Ridgelawn Drive. Additionally, the magistrate noted that appellee's complaint did not contain an affidavit of property or an affidavit of income and expenses. On February 6, 2019, the magistrate ordered appellee to file those affidavits and ordered appellee to instruct the clerk to serve them on appellant at 1980 Ridgelawn Drive and at 3610 Edgewater Drive in Vermillion, Ohio. The instructions for service indicates that appellant's address was not updated and the affidavits were only sent to appellant at 1980 Ridgelawn Drive. But appellee's certificate of service on both affidavits indicates that they were sent by regular mail to appellant at both addresses.

**{¶4}** On April 3, 2019, the magistrate held a trial on appellee's complaint for divorce. Appellant did not appear for trial. On May 9, 2019, the magistrate issued its decision which divided the marital property and decided that appellant was to pay spousal support of $2,800 per month to appellee.

**{¶5}** On May 22, 2019, appellant filed an objection to the magistrate's decision. Appellant argued that he was not properly served notice of this action or notice of any hearings because he did not reside at 1980 Ridgelawn Drive.

Case No. 19 MA 0085

{¶6}     Appellant filed two affidavits in support of his objection: one from him and one from the parties' daughter Tina.  Appellant's affidavit averred that he had not resided at 1980 Ridgelawn Drive since September 12, 2018.  Appellant also averred that: Tina resided at that property; Tina was not served with process; service failed on four other occasions; and that he was not provided notice of the trial date.  Tina's affidavit averred that she was the only resident at 1980 Ridgelawn Drive and that appellant had not resided there since September 12, 2018.  Tina also averred that she did not sign for the service.

{¶7}     On July 5, 2019, the trial court overruled appellant's objection and adopted the magistrate's decision.  The trial court held that because there was a signed return receipt with the original service, there was a presumption that service was effective.  The trial court held that appellant did not provide sufficient evidence to rebut the presumption of effective service and that appellant's and Tina's affidavits were self-serving.

{¶8}     Appellant timely filed his notice of appeal on July 29, 2019.  Appellant now raises one assignment of error.

{¶9}     Appellant's sole assignment of error states:

> THE COURT LACKED JURISDICTION TO HEAR THE DIVORCE
> CASE SINCE APPELLANT WAS NOT SERVED WITH THE DIVORCE
> COMPLAINT IN ACCORDANCE WITH THE OHIO CIVIL RULES AND AS
> A RESULT VIOLATED APPELLANT'S DUE PROCESS RIGHTS.

{¶10}     Appellant argues that the trial court erred when it overruled his objection because he was not properly served process.  He argues that he did not reside at 1980 Ridgelawn Drive and the fact that someone signed for service at that address is of no consequence because it was not his residence.

{¶11}     A trial court's ruling on a magistrate's decision is subject to an abuse of discretion standard of review. *Kniszek v. Kniszek,* 7th Dist. Belmont No. 08 JE 30, 2009-Ohio-3249, ¶ 26.  An abuse of discretion is more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12}     Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise [interested parties] of the

pendency of the action." *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981). Service of process must comply with Civ.R. 4.1 through 4.6. The plaintiff bears the burden of achieving proper service on the defendant. *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 21. There is a rebuttable presumption of proper service when the civil rules governing service are followed. *Id.* at ¶ 10.

{¶13} Appellant's argument is that he did not receive service and any service sent to 1980 Ridgelawn Drive was not effective. In support of these arguments, he cites his and Tina's affidavits where they both aver that, as of September 12, 2018 (the date appellee filed the complaint for divorce), appellant did not live at 1980 Ridgelawn Drive.

{¶14} Appellant's argument implicates two rules: Civ.R. 4.1 (Process: Methods of Service) and Civ.R. 4.2 (Process: Who May be Served). Pursuant to Civ.R. 4.1(A)(1)(a), the clerk can deliver service by U.S. certified or express mail evidenced by a return receipt signed by any person.

{¶15} In this case, the clerk sent service by U.S. certified mail on September 12, 2018. The clerk received the signed returned receipt for service of the summons and complaint on September 17, 2018. There are three boxes that have been filled out on the return receipt: the signature box, the printed name box, and a box labeled "[i]s delivery address different from Item 1?" "Item 1" on the return receipt is the address and the name of the addressee. The "delivery address different" box has been checked "no." As the trial court notes, the signature box appears to be a capital "G" or "T" followed by a capital "P." The printed name box clearly reads "Tina Pezzenti." Based on this return receipt, appellee satisfied Civ.R. 4.1(A)(1)(a).

{¶16} As for Civ.R. 4.2, subsection (A) provides that service shall be made "[u]pon an individual, other than a person under sixteen years of age or an incompetent person, by the serving individual." The record indicates and the parties agree that, at all times relevant, Tina was an adult. There is no indication that Tina was incompetent. Thus, appellee satisfied Civ.R. 4.2(A) and there is a rebuttable presumption of effective service.

{¶17} As for appellant's argument that he did not reside at 1980 Ridgelawn Drive, his and Tina's affidavit both aver that he had not resided there since September 12, 2018 (the day appellee filed the original complaint and five days before the clerk

received the return receipt). This indicates that the last day appellant resided at 1980 Ridgelawn Drive was September 12, 2018, the day the complaint for divorce was filed. The record also indicates that appellant owned that residence and the parties' adult daughter lived at this residence. Thus, pursuant to *Samson Sales*, service was reasonably calculated under the circumstances to apprise appellant of the pendency of this action when it was sent to 1980 Ridgelawn Drive. Therefore, the trial court did not abuse its discretion when it overruled appellant's objection.

**{¶18}** Appellant also argues that the complaint was defective because it did not contain an affidavit of property or an affidavit of income and expenses. Appellant's objection to the magistrate's decision does not make this specific argument. Thus, this issue is waived. *Patrick v. Ressler*, 10th Dist. Franklin No 04AP-149, 2005-Ohio-4971, ¶ 23-24.

**{¶19}** In any event, this argument would not change the result. Appellant cites Civ.R. 84 in support of this argument, but this rule does not mandate these affidavits be filed along with a complaint for divorce. Civ.R. 84 provides "[t]he forms contained in the Appendix of Forms which the Supreme Court from time to time may approve are sufficient under these rules and shall be accepted for filing by courts of this state."

**{¶20}** Accordingly, appellant's sole assignment of error lacks merit and is overruled.

**{¶21}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.
Robb, J., concurs.

Case No. 19 MA 0085

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**